IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| American International Group, Inc.; AIG Retirement Services, Inc.; 21st Century Insurance Group; 21st Century Insurance Company; 21st Century Casualty Company; AIG Marketing, Inc.; AIG SunAmerica Asset Management Corp.; AIG Annuity Insurance Company; AIG Federal Savings Bank; The United States Life Insurance Company in the City of New York; AIG Life Insurance Company; American General Assurance Company; American General Indemnity Company; American General Life and Accident Insurance Company; American General Life Insurance Company; The Variable Annuity Life Insurance Company; VALIC Financial Advisors, Inc.; VALIC Retirement Services Company; National City Corporation; National City Bank; National City Bank of Indiana; Wilmington Trust Company; Wilmington Brokerage Services Company; Aquila, Inc.; DHL Holdings (USA) Inc.; DHL Express (USA), Inc.; Sky Courier, Inc.; CIGNA Corporation; CIGNA Health Corporation; CIGNA HealthCare of Delaware, Inc.; Tel-Drug, Inc.; Tel-Drug of Pennsylvania, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendants. | ) ) | |

## PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") states as follows for its complaint against American International Group, Inc.;

AIG Retirement Services, Inc.; 21st Century Insurance Group; 21st Century Insurance Company;

21st Century Casualty Company; AIG Marketing, Inc.; AIG SunAmerica Asset Management

Corp.; AIG Annuity Insurance Company; AIG Federal Savings Bank; The United States Life Insurance Company in the City of New York; AIG Life Insurance Company; American General Assurance Company; American General Indemnity Company; American General Life and Accident Insurance Company; American General Life Insurance Company; The Variable Annuity Life Insurance Company; VALIC Financial Advisors, Inc.; VALIC Retirement Services Company; National City Corporation; National City Bank; National City Bank of Indiana; Wilmington Trust Company; Wilmington Brokerage Services Company; Aquila, Inc.; DHL Holdings (USA) Inc.; DHL Express (USA), Inc.; Sky Courier, Inc.; CIGNA Corporation; CIGNA Health Corporation; CIGNA HealthCare of Delaware, Inc.; Tel-Drug, Inc.; and Tel-Drug of Pennsylvania, LLC, and states as follows:

## THE PARTIES

1.      Plaintiff Katz Technology Licensing is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

2.      On information and belief, Defendant American International Group, Inc. is a Delaware corporation with its principal place of business at 70 Pine Street, New York City, New York 10270.

3.      On information and belief, Defendant AIG Retirement Services, Inc. is (a) a Delaware corporation with its principal place of business at One SunAmerica Center, Los Angeles, California 90067, and (b) a subsidiary of American International Group, Inc.

4.      On information and belief, Defendant 21st Century Insurance Group is (a) a Delaware corporation with its principal place of business at 6301 Owensmouth Avenue, Woodland Hills, California 91367, and (b) a subsidiary of American International Group, Inc.

5.      On information and belief, Defendant 21st Century Insurance Company is (a) a California corporation with its principal place of business at 6301 Owensmouth Avenue, Woodland Hills, California 91367, and (b) a subsidiary of American International Group, Inc.

6.      On information and belief, Defendant 21st Century Casualty Company is (a) a California corporation with its principal place of business at 6301 Owensmouth Avenue, Woodland Hills, California 91367, and (b) a subsidiary of American International Group, Inc.

7.      On information and belief, Defendant AIG Marketing, Inc. is (a) a Delaware corporation with its principal place of business at One AIG Center, Wilmington, Delaware 19803, and (b) a subsidiary of American International Group, Inc.

8.      On information and belief, Defendant AIG SunAmerica Asset Management Corp. is (a) a Delaware corporation with its principal place of business at 733 Third Avenue, New York City, New York 10017, and (b) a subsidiary of American International Group, Inc.

9.      On information and belief, Defendant AIG Annuity Insurance Company is (a) a Texas corporation with its principal place of business at 2929 Allen Parkway, Houston, Texas 77019, and (b) a subsidiary of American International Group, Inc.

10.      On information and belief, Defendant AIG Federal Savings Bank is (a) a federal savings bank with its principal place of business at 704 King Street, Wilmington, Delaware 19801, and (b) a subsidiary of American International Group, Inc.

11.      On information and belief, Defendant The United States Life Insurance Company in the City of New York is (a) a New York corporation with its principal place of business at 830 Third Avenue, New York City, New York 10022, and (b) a subsidiary of American International Group, Inc.

12.      On information and belief, Defendant AIG Life Insurance Company is (a) a Delaware corporation with its principal place of business at One ALICO Plaza, Wilmington, Delaware 19899, and (b) a subsidiary of American International Group, Inc.

13.      On information and belief, Defendant American General Assurance Company is (a) an Illinois corporation with its principal place of business at 1000 Woodfield Road, Schaumburg, Illinois 60173, and (b) a subsidiary of American International Group, Inc.

3

14.    On information and belief, Defendant American General Indemnity Company is (a) an Illinois corporation with its principal place of business at 1000 Woodfield Road, Schaumburg, Illinois 60173, and (b) a subsidiary of American International Group, Inc.

15.    On information and belief, Defendant American General Life and Accident Insurance Company is (a) a Tennessee corporation with its principal place of business at American General Center—MC 338N, Nashville, Tennessee 37250, and (b) a subsidiary of American International Group, Inc.

16.    On information and belief, Defendant American General Life Insurance Company is (a) a Texas corporation with its principal place of business at 2727-A Allen Parkway, Houston, Texas 77251, and (b) a subsidiary of American International Group, Inc.

17.    On information and belief, Defendant The Variable Annuity Life Insurance Company is (a) a Texas corporation with its principal place of business at 2929 Allen Parkway, Houston, Texas 77019, and (b) a subsidiary of American International Group, Inc.

18.    On information and belief, Defendant VALIC Financial Advisors, Inc. is (a) a Texas corporation with its principal place of business at 2929 Allen Parkway, Houston, Texas 77019, and (b) a subsidiary of American International Group, Inc.

19.    On information and belief, Defendant VALIC Retirement Services Company is (a) a Texas corporation with its principal place of business at 2929 Allen Parkway, Houston, Texas 77019, and (b) a subsidiary of American International Group, Inc.

20.    On information and belief, Defendant National City Corporation is a Delaware corporation with its principal place of business at 1900 East Ninth Street, Cleveland, Ohio 44114.

21.    On information and belief, Defendant National City Bank is (a) a national bank with its principal place of business at 1900 East Ninth Street, Cleveland, Ohio 44114, and (b) a subsidiary of National City Corporation.

22.    On information and belief, Defendant National City Bank of Indiana is (a) a national bank with its principal place of business at One Merchants Plaza, Indianapolis, Indiana 46204, and (b) a subsidiary of National City Corporation.

23.    On information and belief, Defendant Wilmington Trust Company is a Delaware corporation with its principal place of business at 1100 North Market Street, Wilmington, Delaware 19890.

24.    On information and belief, Defendant Wilmington Brokerage Services Company is (a) a Delaware corporation with its principal place of business at 1100 North Market Street, Wilmington, Delaware 19890, and (b) a subsidiary of Wilmington Trust Company.

25.    On information and belief, Defendant Aquila, Inc. is a Delaware corporation with its principal place of business at 20 West Ninth Street, Kansas City, Missouri 64105.

26.    On information and belief, Defendant DHL Holdings (USA) Inc. is a Delaware corporation with its principal place of business at 1200 South Pine Island Road, Plantation, Florida 33324.

27.    On information and belief, Defendant DHL Express (USA) Inc. is (a) a Delaware corporation with its principal place of business at 1200 South Pine Island Road, Plantation, Florida 33324; and (b) affiliated with DHL Holdings (USA) Inc.

28.    On information and belief, Defendant Sky Courier, Inc. is a Delaware corporation with its principal place of business at 21240 Ridgetop Circle, Sterling, Virginia 20166. As indicated on its website, www.skycourier.com, Sky Courier is also known as DHL SameDay and is part of the DHL family of companies.

29.    On information and belief, Defendant CIGNA Corporation is a Delaware corporation with its principal place of business at Two Liberty Place, Philadelphia, Pennsylvania 19192.

30.    On information and belief, Defendant CIGNA Health Corporation is (a) a Delaware corporation with its principal place of business at 900 Cottage Grove Road, Bloomfield, Connecticut 06002, and (b) a subsidiary of CIGNA Corporation.

31.    On information and belief, Defendant CIGNA HealthCare of Delaware, Inc. is (a) a Delaware corporation with its principal place of business at 590 Naamans Road, Claymont, Delaware 19703, and (b) a subsidiary of CIGNA Corporation.

32.    On information and belief, Defendant Tel-Drug, Inc. is (a) a South Dakota corporation with its principal place of business at 4901 North Fourth Avenue, Sioux Falls, South Dakota 57104, and (b) a subsidiary of CIGNA Corporation.

33.    On information and belief, Defendant Tel-Drug of Pennsylvania, LLC is (a) a Pennsylvania corporation with its principal place of business at 206 Welsh Road, Horsham, Pennsylvania 19044, and (b) a subsidiary of CIGNA Corporation.

## JURISDICTION AND VENUE

34.    This is an action arising under the patent laws of the United States, 35 U.S.C. sections 101 *et seq.* This Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1331 and 1338(a).

35.    American International Group, Inc., AIG Retirement Services, Inc., 21st Century Insurance Group, 21st Century Insurance Company, 21st Century Casualty Company, AIG Marketing, Inc., AIG SunAmerica Asset Management Corp., AIG Annuity Insurance Company, AIG Federal Savings Bank, The United States Life Insurance Company in the City of New York, AIG Life Insurance Company, American General Assurance Company, American General Indemnity Company, American General Life and Accident Insurance Company, American General Life Insurance Company, The Variable Annuity Life Insurance Company, VALIC Financial Advisors, Inc., and VALIC Retirement Services Company (collectively, the "AIG Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations, have designated a registered agent in this district, and/or are registered to do business in this district; (2) they do substantial business in this district;

6

(3) they operate infringing automated call processing systems for customer service, policy access, roadside assistance, sales and other services that are available to their customers, including customers in this district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

36.    National City Corporation, National City Bank, and National City Bank of Indiana (collectively, the "National City Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations and/or have designated a registered agent in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems for account information and insurance, credit card, and loan services available to their customers, including customers in this district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

37.    Wilmington Trust Company and Wilmington Brokerage Services Company (collectively, the "Wilmington Trust Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations and have designated a registered agent in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems for customer service and financial and brokerage services available to their customers, including customers in this district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

38.    Defendant Aquila, Inc. ("Aquila") is subject to this Court's personal jurisdiction because, on information and belief, it is a Delaware corporation and has designated a registered agent in this district.

39.    Defendants DHL Holdings (USA) Inc.; DHL Express (USA), Inc.; and Sky Courier, Inc. (collectively, the "DHL Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations and have designated a registered agent in this district; (2) they do substantial business in this district and

7

maintain facilities, licensed agents, and drop boxes in this district; (3) they operate infringing automated call processing systems for customer service, new accounts, sales, and technical support that allow their customers, including customers in this district, to open accounts and obtain express shipping and delivery services and other mail and logistic services over the telephone; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

      40.    CIGNA Corporation; CIGNA Health Corporation; CIGNA HealthCare of Delaware, Inc.; Tel-Drug, Inc.; and Tel-Drug of Pennsylvania, LLC (collectively, the "CIGNA Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations and/or have designated a registered agent in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems for pharmacy and prescription refill services, customer service, and provider services available to their customers and providers, including customers and providers in this district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

      41.    Venue is proper in this judicial district under 28 U.S.C. sections 1391(c) and 1400(b) because the Defendants are incorporated, reside, are registered to do business in, and/or engage in significant business activities in this district as set forth in Paragraphs 2-33 and 35-40 above.

## BACKGROUND

      42.    Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is the sole inventor of each of the patents-in-suit. Mr. Katz has been widely recognized as one of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years have been utilized by literally millions of people.

      43.    In 1961, Mr. Katz co-founded Telecredit Inc. ("Telecredit"), the first company to provide online, real-time credit authorization, allowing merchants to verify checks over the telephone. Further innovations from Telecredit include the first online, real-time, point-

of-sale credit verification terminal, which enabled merchants to verify checks without requiring the assistance of a live operator, and the first device that used and updated magnetically-encoded cards in automated teller machines. Multiple patents issued from these innovations, including patents co-invented by Mr. Katz.

44.     Telecredit was eventually acquired by Equifax, and has now been spun off as Certegy, a public company traded on the New York Stock Exchange. Certegy continues to provide services in the credit and check verification field established by Mr. Katz and Telecredit.

45.     Mr. Katz's inventions have not been limited to telephonic check verification. Indeed, Mr. Katz is responsible for advancements in many fields of technology. Among his most prominent and well-known innovations are those in the field of interactive call processing. Mr. Katz's inventions in that field are directed to the integration of telephonic systems with computer databases and live operator call centers to provide interactive call processing services.

46.     The first of Mr. Katz's interactive call processing patents issued on December 20, 1988. More than fifty U.S. patents have issued to Mr. Katz for his inventions in the interactive call-processing field, including each of the patents-in-suit.

47.     In 1988, Mr. Katz partnered with American Express to establish FDR Interactive Technologies, later renamed Call Interactive, to provide interactive call processing services based on Mr. Katz's inventions. The American Express business unit involved in this joint venture later became known as First Data.

48.     Early clients of Call Interactive included *The New York Times*, ABC's *Monday Night Football*, KABC Radio, CBS News, and Beatrice Foods (Hunt-Wesson division).

49.     Many of these clients utilized Call Interactive technology for high-profile events. For example, CBS News hired Call Interactive to operate an interactive, real-time telephone poll to gauge viewer reaction to President George H.W. Bush's 1992 State of the Union address.

9

50.     Mr. Katz sold his interest in Call Interactive to American Express in 1989 but continued to provide advisory services to Call Interactive until 1992. American Express later spun off the First Data business unit into a separate corporation, and with that new entity went Mr. Katz's interactive call processing patents and the Call Interactive call processing business. The former Call Interactive, now known as First Data Voice Services, continues to provide call processing solutions today.

51.     In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to each of the patents-in-suit, from First Data, the owner of all of the Katz interactive call processing patents at that time.

52.     The marketplace has clearly recognized the value of Mr. Katz's inventions. Indeed, over one hundred fifty companies have licensed the patents-in-suit. Licensees include IBM, Hewlett-Packard, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, AT&T, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, Citibank, and the Home Shopping Network. These licensees and others acknowledge the applicability of the patents-in-suit to multiple fields of use, including but not limited to financial services call processing, automated securities transactions, automated credit card authorization services, automated wireless telecommunication services and support, automated health care services, and product and service support.

53.     Each of the defendants employs the inventions of certain of the patents-in-suit. Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants has agreed to take a license to any of the patents-in-suit.

### THE ASSERTED PATENTS

54.     On December 20, 1988, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,792,968 (the "'968 Patent") to Ronald A. Katz

10

for an invention entitled "Statistical Analysis System for Use With Public Communication Facility." The '968 Patent expired on December 20, 2005.

55.     On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,930,150 (the "'150 Patent") to Ronald A. Katz for an invention entitled "Telephonic Interface Control System." The '150 Patent expired on December 20, 2005.

56.     On July 7, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,128,984 (the "'984 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

57.     On October 5, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,251,252 (the "'252 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

58.     On September 27, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,351,285 (the "'285 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '285 Patent expired on December 20, 2005.

59.     On November 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,684,863 (the "'863 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '863 Patent expired on December 20, 2005.

60.     On July 28, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,787,156 (the "'156 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System." The '156 Patent expired on December 20, 2005.

61.     On September 29, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,815,551 (the "'551 Patent") to Ronald A. Katz

11

for an invention entitled "Telephonic-Interface Statistical Analysis System." The '551 Patent expired on December 20, 2005.

62.     On October 27, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,828,734 (the "'734 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

63.     On April 27, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,898,762 (the "'762 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '762 Patent expired on December 20, 2005.

64.     On June 29, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,917,893 (the "'893 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '893 Patent expired on December 20, 2005.

65.     On October 26, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,974,120 (the "'120 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

66.     On March 7, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,035,021 (the "'021 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '021 Patent expired on December 20, 2005.

67.     On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,148,065 (the "'065 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '065 Patent expired on July 10, 2005.

68.     On January 1, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,335,965 (the "'965 Patent") to Ronald A. Katz for

an invention entitled "Voice-Data Telephonic Interface Control System." The '965 Patent expired on December 20, 2005.

69.    On February 19, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,349,134 (the "'134 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '134 Patent expired on December 20, 2005.

70.    On July 23, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,424,703 (the "'703 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System." The '703 Patent expired on July 10, 2005.

71.    On August 13, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,434,223 (the "'223 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." The '223 Patent expired on July 10, 2005.

72.    On January 28, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,512,415 (the "'415 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Game Control System." The '415 Patent expired on July 10, 2005.

73.    On January 13, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,678,360 (the "'360 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '360 Patent expired on July 10, 2005.

## FIRST CLAIM
### (PATENT INFRINGEMENT BY AIG DEFENDANTS)

74.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-73 of this Complaint as if fully set forth herein.

75.    American International Group, Inc. and its subsidiaries, including the other AIG Defendants, provide insurance, banking, investment and other financial services.

76.    On information and belief, the AIG Defendants use infringing call processing systems to offer automated customer service and trading capabilities to their customers.  Using an automated system, in some instances in connection with operators, the AIG Defendants allow their customers to access information about their policies, make credit card payments, order new identification cards, establish or change their personal identification numbers, order account statements, exchange or redeem funds, and perform various other functions.

77.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '551, '734, '762, '863, '893, '965, and '968 Patents.

78.    On information and belief, in their automated account service operations described in Paragraph 76 (collectively, the "Accused AIG Services"), the AIG Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 77 of this Complaint by making, using, offering to sell, or selling the Accused AIG Services.

79.    On information and belief, the AIG Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, and '734 Patents by making, using, offering to sell, or selling the Accused AIG Services.

80.    The AIG Defendants' infringement of the patents identified in Paragraph 77 of this Complaint has been and is willful.

14

81. The AIG Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## SECOND CLAIM
### (PATENT INFRINGEMENT BY NATIONAL CITY DEFENDANTS)

82. Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-73 of this Complaint as if fully set forth herein.

83. National City Corporation is a financial holding company that, along with, *inter alia*, its subsidiaries National City Bank and National City Bank of Indiana, provides banking and financial services to individuals and businesses, operating more than 1,100 branch banking offices and over 1,600 automated teller machines in Ohio, Pennsylvania, Indiana, Kentucky, Illinois, and Michigan.

84. On information and belief, the National City Defendants use infringing call processing systems to offer automated account information, auto lease information, insurance information, and credit card customer service to their customers. Using an automated system, in some instances in connection with operators, the National City Defendants allow their customers to access information about their accounts, transfer funds between accounts, order personal checks, make credit card payments, establish or change their personal identification numbers, and perform various other functions.

85. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '021, '065, '120, '134, '150, '223, '252, '285, '360, '551, '734, '762, '863, '893, '968, and '984 Patents.

86. On information and belief, in their automated account information, auto lease information, insurance information, and credit card customer service operations described in Paragraph 84 (collectively, the "Accused National City Services"), the National City Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in

Paragraph 85 of this Complaint by making, using, offering to sell, or selling the Accused National City Services.

87.    On information and belief, the National City Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused National City Services.

88.    The National City Defendants' infringement of the patents identified in Paragraph 85 of this Complaint has been and is willful.

89.    The National City Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## THIRD CLAIM
## (PATENT INFRINGEMENT BY WILMINGTON TRUST DEFENDANTS)

90.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-73 of this Complaint as if fully set forth herein.

91.    Wilmington Trust Company provides regional banking services, including trust management. Its subsidiary, Wilmington Brokerage Services Company, provides wealth advisory services, including investment management.

92.    On information and belief, the Wilmington Trust Defendants use infringing call processing systems to offer automated banking and investment services to their customers. Using an automated system, in some instances in connection with operators, the Wilmington Trust Defendants allow their customers to access information about their accounts, transfer funds between accounts, issue stop payments on checks, access current interest rates and stock quotes, and perform various other functions.

93.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '551, '734, '863, '893, '965, '968, and '984 Patents.

16

94.     On information and belief, in their automated account service and financial information functions described in Paragraph 92 (collectively, the "Accused Wilmington Trust Services"), the Wilmington Trust Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 93 of this Complaint by making, using, offering to sell, or selling the Accused Wilmington Trust Services.

95.     On information and belief, the Wilmington Trust Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Wilmington Trust Services.

96.     The Wilmington Trust Defendants' infringement of the patents identified in Paragraph 93 of this Complaint has been and is willful.

97.     The Wilmington Trust Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## FOURTH CLAIM
### (PATENT INFRINGEMENT BY AQUILA)

98.     Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-73 of this Complaint as if fully set forth herein.

99.     Aquila provides electricity to customers in Missouri, Kansas and Colorado and natural gas to customers in Kansas, Colorado, Nebraska, and Iowa.

100.    On information and belief, Aquila uses infringing call processing systems to offer automated customer service to its customers. Using an automated system, in some instances in connection with operators, Aquila enables its customers to access information about their accounts; make payments; report power outages, gas leaks, or emergencies; provide meter readings; start, stop, or transfer service; and perform various other functions.

17

101.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '415, '551, '703, '734, '762, '863, '893, '965, '968, and '984 Patents.

102.    On information and belief, in its automated customer service operations described in Paragraph 100 (collectively, the "Accused Aquila Services"), Aquila has been and is now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 101 of this Complaint by making, using, offering to sell, or selling the Accused Aquila Services.

103.    On information and belief, Aquila continues to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Aquila Services.

104.    Aquila's infringement of the patents identified in Paragraph 101 of this Complaint has been and is willful.

105.    Aquila's infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## FIFTH CLAIM
### (PATENT INFRINGEMENT BY DHL DEFENDANTS)

106.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-73 of this Complaint as if fully set forth herein.

107.    The DHL Defendants are members of the DHL global family of companies that offer express delivery, mail, and other services in the United States and to international locations.

108.    On information and belief, the DHL Defendants use infringing call processing systems to offer automated customer service to their customers. Using an automated system, in some instances in connection with operators, the DHL Defendants enable their customers to track packages, open new accounts, access information about their accounts, pay

their bills, schedule package pickups, obtain information regarding drop off locations, access technical support, and perform various other functions.

109.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '415, '551, '703, '734, '863, '893, '965, '968 and '984 Patents.

110.    On information and belief, in its automated customer service operations described in Paragraph 108 (collectively, the "Accused DHL Services"), the DHL Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 109 of this Complaint by making, using, offering to sell, or selling the Accused DHL Services.

111.    On information and belief, the DHL Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused DHL Services.

112.    The DHL Defendants' infringement of the patents identified in Paragraph 109 of this Complaint has been and is willful.

113.    The DHL Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

**SIXTH CLAIM**
**(PATENT INFRINGEMENT BY CIGNA DEFENDANTS)**

114.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-73 of this Complaint as if fully set forth herein.

115.    CIGNA Corporation, through, *inter alia*, its subsidiaries CIGNA Health Corporation; CIGNA HealthCare of Delaware, Inc.; Tel-Drug, Inc.; and Tel-Drug of Pennsylvania, LLC, offers health and other insurance-related products and services to businesses and individuals throughout the United States.

116.    On information and belief, the CIGNA Defendants use infringing call processing systems to offer automated customer service, prescription refill, and other care management functions to their customers. Using an automated system, in some instances in connection with operators, the CIGNA Defendants allow their customers to place and check the status of prescription refill orders, inquire about pharmacy and prescription information, access information regarding their health insurance and prescription plans and benefits, and perform various other functions. In addition, the CIGNA defendants allow a physician or medical office to submit new prescriptions and authorize refills, obtain claim status and other plan information, and perform various other functions.

117.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '156, '223, '252, '285, '360, '551, '734, '762, '863, '893, '965, '968 and '984 Patents.

118.    On information and belief, in their automated pharmacy services operations described in Paragraph 116 (collectively, the "Accused CIGNA Services"), the CIGNA Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 117 of this Complaint by making, using, offering to sell, or selling the Accused CIGNA Services.

119.    On information and belief, the CIGNA Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused CIGNA Services.

120.    The CIGNA Defendants' infringement of the patents identified in Paragraph 117 of this Complaint has been and is willful.

121.    The CIGNA Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

20

## PRAYER FOR RELIEF

WHEREFORE, Ronald A. Katz Technology Licensing, L.P., respectfully requests that this Court enter judgment in its favor and against the defendants and grant the following relief:

1.      Adjudge that the AIG Defendants have been and are infringing one or more claims of the patents identified in Paragraph 77 of this Complaint by offering the Accused AIG Services;

2.      Adjudge that the AIG Defendants' infringement has been and is willful;

3.      Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the AIG Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, and '734 Patents;

4.      Order an accounting for damages resulting from the AIG Defendants' infringement of the patents identified in Paragraph 77 of this Complaint;

5.      Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the AIG Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

6.      Enter an order, pursuant to 35 U.S.C. § 284, and based on the AIG Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the AIG Defendants;

7.      Adjudge that the National City Defendants have been and are infringing one or more claims of the patents identified in Paragraph 85 of this Complaint by offering the Accused National City Services;

8.      Adjudge that the National City Defendants' infringement has been and is willful;

9.      Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the National City Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

10.     Order an accounting for damages resulting from the National City Defendants' infringement of the patents identified in Paragraph 85 of this Complaint;

11.     Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the National City Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

12.     Enter an order, pursuant to 35 U.S.C. § 284, and based on the National City Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the National City Defendants;

13.     Adjudge that the Wilmington Trust Defendants have been and are infringing one or more claims of the patents identified in Paragraph 93 of this Complaint by offering the Accused Wilmington Trust Services;

14.     Adjudge that the Wilmington Trust Defendants' infringement has been and is willful;

15.     Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Wilmington Trust Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

16.     Order an accounting for damages resulting from the Wilmington Trust Defendants' infringement of the patents identified in Paragraph 93 of this Complaint;

17.     Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Wilmington

22

Trust Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

18.    Enter an order, pursuant to 35 U.S.C. § 284, and based on the Wilmington Trust Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Wilmington Trust Defendants;

19.    Adjudge that Aquila has been and is infringing one or more claims of the patents identified in Paragraph 101 of this Complaint by offering the Accused Aquila Services;

20.    Adjudge that Aquila's infringement has been and is willful;

21.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining Aquila, and all persons in active concert or participation with it, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

22.    Order an accounting for damages resulting from Aquila's infringement of the patents identified in Paragraph 101 of this Complaint;

23.    Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for Aquila's infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

24.    Enter an order, pursuant to 35 U.S.C. § 284, and based on Aquila's willful infringement, trebling all damages awarded to Katz Technology Licensing and against Aquila;

25.    Adjudge that the DHL Defendants have been and are infringing one or more claims of the patents identified in Paragraph 109 of this Complaint by offering the Accused DHL Services;

26.    Adjudge that the DHL Defendants' infringement has been and is willful;

27.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the DHL Defendants, and all persons in active concert or

23

participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

28.     Order an accounting for damages resulting from the DHL Defendants' infringement of the patents identified in Paragraph 109 of this Complaint;

29.     Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the DHL Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

30.     Enter an order, pursuant to 35 U.S.C. § 284, and based on the DHL Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the DHL Defendants;

31.     Adjudge that the CIGNA Defendants have been and are infringing one or more claims of the patents identified in Paragraph 117 of this Complaint by offering the Accused CIGNA Services;

32.     Adjudge that the CIGNA Defendants' infringement has been and is willful;

33.     Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the CIGNA Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

34.     Order an accounting for damages resulting from the CIGNA Defendants' infringement of the patents identified in Paragraph 117 of this Complaint;

35.     Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the CIGNA Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

36.    Enter an order, pursuant to 35 U.S.C. § 284, and based on the CIGNA Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the CIGNA Defendants;

37.    Enter an order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Katz Technology Licensing its reasonable attorneys' fees incurred in this action; and

38.    Award such other relief as the Court may deem appropriate and just under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States, Plaintiff demands a trial by jury of all claims and all issues triable as of right by jury in this action.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

By _____

Andre G. Bouchard (I.D. No. 2504)
John M. Seaman (I.D. No. 3863)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: 302.573.3500
abouchard@bmf-law.com
jseaman@bmf-law.com

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

HELLER EHRMAN LLP
Robert T. Haslam
Andrew C. Byrnes
275 Middlefield Road
Menlo Park, CA 94025-3506
Telephone: 650.324.7000
robert.haslam@hellerehrman.com
andrew.byrnes@hellerehrman.com

Michael K. Plimack
Dale A. Rice
333 Bush Street
San Francisco, CA 94104-2878
Telephone: 415.772.6000
michael.plimack@hellerehrman.com
dale.rice@hellerehrman.com

DATED: September 1, 2006

26

℞JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Ronald A. Katz Technology Licensing, Inc.

**(b)**  County of Residence of First Listed Plaintiff   **Los Angeles, CA**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number) **John M. Seaman**
**Bouchard Margules & Friedlander, P.A.**
**302-573-3500, 222 Delaware Ave, Ste 1400, Wilm, DE 19801**

## DEFENDANTS

American International Group, Inc., et. al.

County of Residence of First Listed Defendant  **New Castle, DE**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       (U.S. Government Not a Party)

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|                                                          | PTF | DEF |                                                                | PTF | DEF |
|----------------------------------------------------------|-----|-----|----------------------------------------------------------------|-----|-----|
| Citizen of This State                                    | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State     | ☐ 4 | ☐ 4 |
| Citizen of Another State                                 | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country                  | ☐ 3 | ☐ 3 | Foreign Nation                                                 | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|---|--------------------|------------|----------------|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☒ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       another district
       (specify)

☐ 6  Multidistrict
       Litigation

☐ 7  Appeal to District
       Judge from
       Magistrate
       Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **35 U.S.C. Section 101**

Brief description of cause:
**Patent Infringement**

## VII. REQUESTED IN
## COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
## IF ANY

(See instructions):     JUDGE   **Other patent infringement cases filed
by plaintiff this same day** DOCKET NUMBER

DATE

**September 1, 2006**

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___32___ COPIES OF AO FORM 85.

_____9/1/06_____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____
Nick Meadows
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action