## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROLAND A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C. A. No. 06-547 (GMS) |
| AMERICAN INTERNATIONAL GROUP, INC. *et al* , | ) ) ) ) | |
| Defendants. | ) | |

### ANSWER AND COUNTERCLAIMS OF DEFENDANTS DHL HOLDINGS (USA) INC., DHL EXPRESS (USA), INC., AND SKY COURIER, INC. TO ROLAND A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT

Defendants DHL Holdings (USA) Inc., DHL Express (USA), and Sky Courier, Inc. (collectively, "DHL" or the "DHL defendants") respond to the allegation of the Complaint for Patent Infringement ("Complaint") of Plaintiff Roland A. Katz Technology Licensing, L.P. ("Katz Technology Licensing"), as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 1 of the Complaint.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 2 of the Complaint.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 3 of the Complaint.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 4 of the Complaint.

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 5 of the Complaint.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 6 of the Complaint.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 7 of the Complaint.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 8 of the Complaint.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 9 of the Complaint.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 10 of the Complaint.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 11 of the Complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 12 of the Complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 13 of the Complaint.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 14 of the Complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 15 of the Complaint.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 16 of the Complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 17 of the Complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 18 of the Complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 19 of the Complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 20 of the Complaint.

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 21 of the Complaint.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 22 of the Complaint.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 23 of the Complaint.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 24 of the Complaint.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 25 of the Complaint.

26.    Deny the allegation of paragraph 26 of the Complaint.

27.    Deny the allegation of paragraph 27 of the Complaint.

28.    Deny the allegation of paragraph 28 of the Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 29 of the Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 30 of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 31 of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 32 of the Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 33 of the Complaint.

## JURISDICTION AND VENUE

34.     Admit the allegation of paragraph 34 of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 35 of the Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 36 of the Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 37 of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 38 of the Complaint.

39.     Admit that the DHL defendants are subject to the Court's personal jurisdiction, admit clauses (2) and (4), deny clauses (1) and (3), and otherwise deny the allegation of paragraph 39 of the Complaint.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 40 of the Complaint.

41.    With respect to the DHL defendants, admit the allegation of paragraph 41 of the Complaint. With respect to the other defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 41 of the Complaint.

## BACKGROUND

42.    Deny knowledge or information sufficient to form a belief as to the truth of the first sentence of the allegation of paragraph 42 of the Complaint. Deny the second sentence of the allegation of paragraph 42 of the Complaint.

43.    Deny knowledge or information sufficient to form a belief as to the truth of the first and second sentences of the allegation of paragraph 43 of the Complaint. With respect to the third sentence of the allegation of paragraph 43 of the Complaint, admit that multiple patents list Mr. Katz as a co-inventor, deny the characterization of Mr. Katz' work as "innovation", otherwise deny.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 44 of the Complaint.

45.    Deny the allegation of paragraph 45 of the Complaint.

46.    Deny the first sentence of the allegation of paragraph 46 of the Complaint. With respect to the second sentence of the allegation of paragraph 46 of the Complaint, admit that multiple patents have issued listing Mr. Katz as an inventor and otherwise deny knowledge or information sufficient to form a belief as to the truth of the second sentence of the allegation paragraph 46 of the Complaint.

47.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 47 of the Complaint.

48.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 48 of the Complaint.

49.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 49 of the Complaint.

50.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 50 of the Complaint.

51.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 51 of the Complaint.

52.    Deny the allegation of the first and third sentence of the allegation of paragraph 52 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the second sentence of the allegation of paragraph 52 of the Complaint.

53.    Deny the allegation of paragraph 53 of the Complaint.

## THE ASSERTED PATENTS

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 54 of the Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 55 of the Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 56 of the Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 57 of the Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 58 of the Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 59 of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 60 of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 61 of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 62 of the Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 63 of the Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 64 of the Complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 65 of the Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 66 of the Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 67 of the Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 68 of the Complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 69 of the Complaint.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 70 of the Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 71 of the Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 72 of the Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 73 of the Complaint.

## FIRST CLAIM
### (PATENT INFRINGEMENT BY AIG DEFENDANTS)

74.     Each of the paragraphs 1-73 is incorporated by reference, as if fully set forth herein.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 75 of the Complaint.

76.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 76 of the Complaint.

77.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 77 of the Complaint.

78.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 78 of the Complaint.

79.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 79 of the Complaint.

80.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 80 of the Complaint.

81.    Deny that any infringement of the patents-at-issue could cause Katz Technology Licensing irreparable harm, deny that Katz Technology Licensing has no adequate remedy at law for any infringement of its patents, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 81 of the Complaint.

## SECOND CLAIM
### (PATENT INFRINGEMENT BY NATIONAL CITY DEFENDANTS)

82.    Each of the paragraphs 1-73 is incorporated by reference, as if fully set forth herein.

83.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 83 of the Complaint.

84.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 84 of the Complaint.

9

85.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 85 of the Complaint.

86.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 86 of the Complaint.

87.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 87 of the Complaint.

88.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 88 of the Complaint.

89.    Deny that any infringement of the patents-at-issue could cause Katz Technology Licensing irreparable harm, deny that Katz Technology Licensing has no adequate remedy at law for any infringement of its patents, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 89 of the Complaint.

## THIRD CLAIM
### (PATENT INFRINGEMENT BY WILMINGTON TRUST DEFENDANTS)

90.    Each of the paragraphs 1-73 is incorporated by reference, as if fully set forth herein.

91.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 91 of the Complaint.

92.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 92 of the Complaint.

93.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 93 of the Complaint.

94.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 94 of the Complaint.

95.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 95 of the Complaint.

96.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 96 of the Complaint.

97.    Deny that any infringement of the patents-at-issue could cause Katz Technology Licensing irreparable harm, deny that Katz Technology Licensing has no adequate remedy at law for any infringement of its patents, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 97 of the Complaint.

## FOURTH CLAIM
### (PATENT INFRINGEMENT BY AQUILA)

98.    Each of the paragraphs 1-73 is incorporated by reference, as if fully set forth herein.

99.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 99 of the Complaint.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 100 of the Complaint.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 101 of the Complaint.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 102 of the Complaint.

11

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 103 of the Complaint.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 104 of the Complaint.

105.    Deny that any infringement of the patents-at-issue could cause Katz Technology Licensing irreparable harm, deny that Katz Technology Licensing has no adequate remedy at law for any infringement of its patents, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 105 of the Complaint.

## FIFTH CLAIM
## (PATENT INFRINGEMENT BY DHL DEFENDANTS)

106.    Each of the paragraphs 1-73 is incorporated by reference, as if fully set forth herein.

107.    Admit the allegation of paragraph 107 of the Complaint.

108.    Deny the allegation of paragraph 108 of the Complaint.

109.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 109 of the Complaint.

110.    Deny the allegation of paragraph 110 of the Complaint.

111.    Deny the allegation of paragraph 111 of the Complaint.

112.    Deny the allegation of paragraph 112 of the Complaint.

113.    Deny the allegation of paragraph 113 of the Complaint.

## SIXTH CLAIM
### (PATENT INFRINGEMENT BY CIGNA DEFENDANTS)

114.    Each of the paragraphs 1-73 is incorporated by reference, as if fully set forth herein.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 115 of the Complaint.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 116 of the Complaint.

117.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 117 of the Complaint.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 118 of the Complaint.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 119 of the Complaint.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 120 of the Complaint.

121.    Deny that any infringement of the patents-at-issue could cause Katz Technology Licensing irreparable harm, deny that Katz Technology Licensing has no adequate remedy at law for any infringement of its patents, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 121 of the Complaint.

## AS AND FOR A
## FIRST DEFENSE
### (Invalidity)

122.    Each of the patents-at-issue is invalid because each patent and the alleged invention therein fails to comply with the conditions and requirements for patentability set forth in the United States Patent Act, (35 U.S.C.), including *inter alia*, §§ 101, 102, 103 and 112.

## AS AND FOR A
## SECOND DEFENSE
### (Noninfringement)

123.    The DHL defendants have not infringed and will not infringe, directly or indirectly, or literally or by application of the doctrine of equivalents, any claim of the patents-at-issue in the manner averred in the Complaint, or in any other manner.

## AS AND FOR A
## THIRD DEFENSE
### (Laches)

124.    The relief sought in the Complaint is barred under the doctrine of laches.

## AS AND FOR A
## FOURTH DEFENSE
### (Estoppel)

125.    The relief sought in the Complaint is barred under the doctrine of estoppel.

## COUNTERCLAIMS OF DHL HOLDINGS (USA) INC.,
## DHL EXPRESS (USA), INC., AND SKY COURIER, INC.

126.    DHL Holdings (USA) Inc. is an Ohio corporation with its principal place of business at 1200 South Pine Island Road, Plantation, Florida 33324.

127.    DHL Express (USA), Inc. is an Ohio corporation with its principal place of business at 1200 South Pine Island Road, Plantation, Florida 33324.

128.    Sky Courier, Inc. is an Ohio corporation with its principal place of business at 21240 Ridgetop Circle, Sterling, Virginia 20166.

129.    DHL Holdings (USA) Inc., DHL Express (USA), Inc., and Sky Courier, Inc. are collectively and individually referred to herein as "DHL".

130.    On information and belief, Ronald A. Katz Technology Licensing, L.P. is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

131.    The Court has subject matter jurisdiction under 28 U.S.C. § 1332 (federal question), 28 U.S.C. § 1338(a) (patents), and 28 U.S.C. §§ 2201 and 2202 (declaratory judgment).

132.    Venue is proper in this District under 28 U.S.C. § 1391(b) (1) (defendant's residence).

133.    There is a justiciable controversy within the meaning of 28 U.S.C. § 2201 between DHL and Katz Technology Licensing with respect to whether the patents listed in ¶¶ 54-73 of Katz Technology Licensing, L.P.'s Complaint for Patent Infringement filed on or about September 1, 2006 in the United States District Court for the District of Delaware (the "patents-at-issue") are valid and infringed by DHL which has resulted in alleged liability for infringement thereof.

134.    Each claim of the patents-at-issue are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, and/or 112.

135.    DHL has not infringed and is not now infringing either directly or under the doctrine of equivalents any patent-at-issue.

136.    DHL has not and is not now inducing or contributing to infringement of any claim of the patents-at-issue by others either directly or under the doctrine of equivalents.

## PRAYER FOR RELIEF

WHEREFORE, DHL prays for judgment:

A.    that Katz Technology Licensing take nothing by its complaint and that the complaint be dismissed with prejudice;

B.    declaring that the patents-at-issue are not infringed and are invalid;

C.    that Katz Technology Licensing pay DHL their attorneys' fees and all other costs of this action pursuant to 35 U.S.C. § 285 or otherwise; and

D.    granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

DHL hereby demands a trial by jury on all issues so triable.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Daniel J. Thomasch
Alex V. Chachkes
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Tel: (212) 506-5000
Fax: (212) 506-5151

Dated: September 25, 2006

By:  */s/ Richard L. Horwitz*
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, Delaware   19899-0951
     Tel: (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Defendants*
*DHL Holdings (USA), Inc.,*
*DHL Express (USA), Inc. and*
*Sky Courier, Inc.*

751841v2

16

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## **CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on September 25, 2006, the attached document

was hand delivered to the following persons and was electronically filed with the Clerk of the

Court using CM/ECF which will send notification to the registered attorney(s) of record that the

document has been filed and is available for viewing and downloading:

Andre G. Bouchard
John M. Seaman
Bouchard Margules & Freidlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  109801

David A. Felice
Cozen O'Connor
Chase Manhattan Centre
1201 North Market St., Suite 1400
Wilmington, DE 19801

Philip A. Rovner
Potter Anderson & Corroon, LLP
1313 N. Market St.,
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899-0951

*/s/ Richard L. Horwitz*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

752371