IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RONALD A. KATZ TECHNOLOGY
LICENSING, L.P.

        Plaintiff,

        v.

WILMINGTON TRUST COMPANY,
WILMINGTON BROKERAGE SERVICES
COMPANY, *et al.*

        Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:

C.A. No.  06-547 (GMS)

Jury Trial Demanded

## DEFENDANTS WILMINGTON TRUST COMPANY AND WILMINGTON BROKERAGE SERVICES COMPANY ANSWER AND COUNTERCLAIMS TO PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT

Defendants Wilmington Trust Company and Wilmington Brokerage Services Company (collectively referred to herein as "Wilmington Trust"), hereby answer Plaintiff Ronald A. Katz Technology Licensing Company, L.P.'s Complaint for Patent Infringement, and allege their affirmative defenses and counterclaims as follows:

### THE PARTIES

1.  Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

2.  Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

3.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

4.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

5.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

6.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

7.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

8.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

9.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

2

10.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

11.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

12.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

13.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

14.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

15.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

16.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

17.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

18.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

19.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

20.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

21.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

22.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

23.     Admitted.

24.     Admitted.

WILMINGTON\39424\1  184985.000

25.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

26.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

27.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

28.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

29.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

30.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

31.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

WILMINGTON\39424\1  184985.000

32.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

33.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

## JURISDICTION AND VENUE

34.    Admitted.

35.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

36.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

37.    Admitted that Wilmington Trust Company and Wilmington Brokerage Services Company are subject to this Court's personal jurisdiction, are Delaware Corporations having registered agents in this district, do substantial business in this district, and regularly solicit business from customers in this district. Wilmington Trust Company and Wilmington Brokerage Services Company deny operating infringing automated call processing systems.

38.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

39.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

40.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

41.     Wilmington Trust admits that venue is proper as to Wilmington Trust. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

## BACKGROUND

42.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of whether Ronald A. Katz is the founder of Katz Technology Licensing, or whether Mr. Katz is an inventor, let alone, the sole inventor of each of the patents-in-suit, and, therefore, denies this allegation and Wilmington Trust demands strict proof thereof.   The remaining allegations in paragraph 42 are denied and Wilmington Trust demands strict proof thereof.

7

43.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

44.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

45.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

46.     Wilmington Trust admits that numerous patents have issued to Ronald A. Katz. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

47.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

48.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

49.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

50.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

51.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

52.    Wilmington Trust denies that the marketplace has clearly recognized the value of Mr. Katz's alleged inventions.  Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

53.    Wilmington Trust denies the use of the inventions of certain of the patents-in-suit. Wilmington Trust admits that Wilmington Trust has not agreed to take a license to any of the patents-in-suit.  Wilmington Trust denies that it has not engaged in licensing negotiations. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

## THE ASSERTED PATENTS

54.     Wilmington Trust admits that the United States Patent and Trademark Office issued United States Patent No. 4,792,968 in the name of Ronald A. Katz on December 20, 1988. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

55.     Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 4,930,150 in the name of Ronald A. Katz on May 29, 1990. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

56.     Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 5,128,984 in the name of Ronald A. Katz on July 7, 1992. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

57.     Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 5,251,252 in the name of Ronald A. Katz on October 5, 1993. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

58.     Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 5,351,285 in the name of Ronald A. Katz on September 27, 1994. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

59.     Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 5,684,863 in the name of Ronald A. Katz on November 4, 1997. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

60.     Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 5,787,156 in the name of Ronald A. Katz on July 28, 1998. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

61.     Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 5,815,551 in the name of Ronald A. Katz on September 29, 1998. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

62.     Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 5,828,734 in the name of Ronald A. Katz on October 27, 1998.

WILMINGTON\39424\1  184985.000

Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

63.    Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 5,898,762 in the name of Ronald A. Katz on April 27, 1999. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

64.    Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 5,917,893 in the name of Ronald A. Katz on June 29, 1999. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

65.    Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 5,974,120 in the name of Ronald A. Katz on October 26, 1999. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

66.    Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 6,035,021 in the name of Ronald A. Katz on March 7, 2000. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations in paragraph 66, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

67.    Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 6,148,065 in the name of Ronald A. Katz on November 14, 2000. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 67, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

68.    Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 6,335,965 in the name of Ronald A. Katz on January 1, 2002. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

69.    Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 6,349,134 in the name of Ronald A. Katz on February 19, 2002. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

70.    Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 6,424,703 in the name of Ronald A. Katz on July 23, 2002. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

71.    Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 6,434,223 in the name of Ronald A. Katz on August 13, 2002. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

72.    Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 6,512,415 in the name of Ronald A. Katz on January 28, 2003. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

73.    Wilmington Trust admits the United States Patent and Trademark Office issued United States Patent No. 6,678,360 in the name of Ronald A. Katz on January 13, 2004. Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73, and, therefore, the remaining allegations are denied and Wilmington Trust demands strict proof thereof.

## FIRST CLAIM
### (PATENT INFRINGEMENT BY AIG DEFENDANTS)

74.    Each of the paragraphs 1 – 73 are incorporated herein by reference as if fully set forth herein.

75.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

14

76.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

77.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

78.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

79.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

80.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

81.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

## SECOND CLAIM
## (PATENT INFRINGEMENT BY NATIONAL CITY DEFENDANTS)

82.     Each of the paragraphs 1 – 73 are incorporated herein by reference as if fully set forth herein.

83.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

84.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

85.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

86.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

87.     Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

88.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

89.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

### THIRD CLAIM
### (PATENT INFRINGEMENT BY WILMINGTON TRUST DEFENDANTS)

90.    Each of the paragraphs 1 – 73 are incorporated herein by reference as if fully set forth herein.

91.    Admitted.

92.    Wilmington Trust denies using infringing call processing systems to offer automated banking and investment services to their customers.  Wilmington Trust's customers cannot access the current automated system to obtain stock quotes, so Wilmington Trust denies this allegation.  Wilmington Trust's customers cannot obtain up to the minute current interest rates through the current automated system, rather the system routes the caller to a service representative, so Wilmington Trust denies this allegation.  Wilmington Trust's customers can access the current automated system to access information about their accounts, so Wilmington Trust admits this allegation. Wilmington Trust's customers can, through a purely automated process, issue stop payments on checks, so Wilmington Trust admits this allegation.  Wilmington Trust's customers can transfer funds between accounts through the current automated system, so Wilmington Trust admits this allegation.  The language "and perform various other functions" is

17

vague and ambiguous, and accordingly, Wilmington Trust denies this allegation and demands strict proof thereof.

93.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

## FOURTH CLAIM
### (PATENT INFRINGEMENT BY AQUILA)

98.    Each of the paragraphs 1 – 73 are incorporated herein by reference as if fully set forth herein.

99.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

100.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

101.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

102.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

103.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

104.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

105.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

## FIFTH CLAIM
### (PATENT INFRINGEMENT BY DHL DEFENDANTS)

106.    Each of the paragraphs 1 – 73 are incorporated herein by reference as if fully set forth herein.

107.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

108.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

109.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

110.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

111.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

112.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

113.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

WILMINGTON\39424\1  184985.000

## SIXTH CLAIM
## (PATENT INFRINGEMENT BY CIGNA DEFENDANTS)

114.    Each of the paragraphs 1 – 73 are incorporated herein by reference as if fully set forth herein.

115.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

116.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

117.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

118.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

119.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

120.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

121.    Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121, and, therefore, the allegations are denied and Wilmington Trust demands strict proof thereof.

## PRAYER FOR RELIEF

122.    Wilmington Trust denies that Ronald A. Katz Technology Licensing, L.P. is entitled to judgment or any of the relief requested in paragraphs 90 - 94.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Invalidity)

123.    The patents-in-suit are partially or wholly invalid and/or unenforceable for failure to meet the requirements of Title 35 of the United States Code, particularly, but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

### Second Affirmative Defense
### (Noninfringement)

124.    Wilmington Trust has not directly infringed, willfully infringed, induced infringement, nor contributorily infringed any valid claim of any of the patents-in-suit pursuant to 35 U.S.C § 282.

### Third Affirmative Defense
### (Laches)

125.    Ronald A. Katz Technology Licensing, L.P.'s claims are barred by the doctrine of laches.

22

### Third Affirmative Defense
### (Estoppel)

126.    Ronald A. Katz Technology Licensing, L.P.'s claims are barred by the doctrine of estoppel.

### Fourth Affirmative Defense
### (Unclean Hands)

127.    Ronald A. Katz Technology Licensing, L.P.'s claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense
### (Patent Misuse)

128.    On information and belief, the patents-in-suit are invalid and/or unenforceable due to patent misuse in that Ronald A. Katz Technology Licensing, L.P., in filing suit, is seeking to obtain royalties and other relief from a party licensed under the patents-in-suit.

## COUNTERCLAIM

Counterclaimants Wilmington Trust Company and Wilmington Brokerage Services Company ("Wilmington Trust") hereby alleges for its counterclaim against Ronald A. Katz Technology Licensing, L.P. ("RAKTL") as follows:

## PARTIES

129.    Wilmington Trust Company is a Delaware Corporation, having a principal place of business at 1100 North Market St., Wilmington, DE 19890.

130.    Wilmington Brokerage Services Company is a Delaware Corporation, having a principal place of business at 1100 North Market St., Wilmington, DE 19890.

131.    Wilmington Trust Company and Wilmington Brokerage Company are collectively referred to herein as "Wilmington Trust".

132.   Ronald A. Katz Technology Licensing, L.P. ("RAKTL") purports to be a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

## JURISDICTION AND VENUE

133.   This Court has jurisdiction over the subject matter of this counterclaim pursuant to 28 U.S.C. §§ 1338(a) and 2201 because it is a counterclaim for declaratory judgment that arises under the patent laws of the United States, 35 U.S.C. § 101 et seq.

134.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## COUNT ONE
### Declaratory Judgment of Invalidity of the Patents-In-Suit

135.   Wilmington Trust repeats and incorporates herein the entirety of the allegations contained in paragraphs 128 – 133.

136.   RAKTL claims to be the owner of United States Patent Nos. 4,792,968, 4,930,150, 5,128,984, 5,251,252, 5,351,285, 5,684,863, 5,787,156, 5,815,551, 5,828,734, 5,898,762, 5,917,893, 5,974,120, 6,035,021, 6,148,065, 6,335,965, 6,349,134, 6,424,703, 6,434,223, 6,512,415, and 6,678,360 (collectively referred to herein as the "patents-in-suit").

137.   RAKTL claims that Wilmington Trust infringes one or more claims of each of these patents.

138.   The patents-in-suit are invalid for failure to meet the conditions of patentability specified in 35 U.S.C §§ 101, 102 and/or 103 and other applicable statutory sections.

139.    Accordingly, a valid and justiciable controversy has arisen and exists between Wilmington Trust and RAKTL pursuant to 28 U.S.C. § 2201. Wilmington Trust desires a judicial determination and declaration of the respective rights and duties of the parties. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

**COUNT TWO**
**Declaratory Judgment of Non-Infringement**

140.    Wilmington Trust repeats and incorporates herein the entirety of the allegations contained in paragraphs 128 – 133.

141.    RAKTL claims to be the owner of United States Patent Nos. 4,792,968, 4,930,150, 5,128,984, 5,251,252, 5,351,285, 5,684,863, 5,787,156, 5,815,551, 5,828,734, 5,898,762, 5,917,893, 5,974,120, 6,035,021, 6,148,065, 6,335,965, 6,349,134, 6,424,703, 6,434,223, 6,512,415, and 6,678,360 (collectively referred to herein as the "patents-in-suit").

142.    RAKTL claims that Wilmington Trust infringes one or more claims of each of these patents.

143.    Wilmington Trust does not infringe any valid claim of the patents-in-suit.

144.    Wilmington Trust has not directly infringed, willfully infringed, induced infringement, nor contributorily infringed any valid claim of the patents-in-suit pursuant to 35 U.S.C § 282.

145.    Accordingly, a valid and justiciable controversy has arisen and exists between Wilmington Trust and RAKTL pursuant to 28 U.S.C. § 2201. Wilmington Trust desires a

WILMINGTON\39424\1 184985.000

judicial determination and declaration of the respective rights and duties of the parties. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## PRAYER FOR RELIEF

WHEREFORE, Wilmington Trust requests that the Court enter judgment in its favor and against RAKTL as follows:

A.    Dismiss with prejudice RAKTL's Complaint as to Wilmington Trust and deny the relief requested therein;

B.    Declare that the patents-in-suit are invalid and not infringed by Wilmington Trust;

C.    Award Wilmington Trust its costs and expenses of suit incurred and attorneys fees as allowed by law; and

D.    Grant such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Wilmington Trust hereby demands trial by jury for all issues so triable.

Dated:  October 24, 2006

David A. Felice

Sean J. Bellew (#4072)
David A. Felice (#4090)
Cozen O'Connor
Chase Manhattan Centre
1201 Market Street, Suite 1400
Wilmington, DE 19801
Telephone:  (302) 295-2011
*Attorneys for Defendants*
*Wilmington Trust Company and*
*Wilmington Brokerage Services Company*

*OF COUNSEL*
Camille M. Miller
Darryl W. Shorter
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Telephone:  (215) 665-7283

WILMINGTON\39424\1  184985.000

## CERTIFICATE OF SERVICE

I, David A. Felice, do hereby certify that on October 24, 2006, I electronically filed the

foregoing with the Clerk of Court using CM/ECF, which will send notification of such filing to

the following counsel of record:

John M. Seaman
Bouchard, Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

John G. Day
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

Richard L. Horwitz
Philip A. Rovner
Potter Anderson & Corroon, LLP
1313 N. Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Karen E. Keller
Young, Conaway, Stargatt & Taylor
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

David A. Felice (#4090)