## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RONALD A. KATZ TECHNOLOGY
LICENSING, L.P.,

       Plaintiff,

    v.

AMERICAN INTERNATIONAL GROUP,
INC., *et al.*,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 06-547-GMS

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANTS NATIONAL CITY CORPORATION, NATIONAL CITY BANK, AND NATIONAL CITY BANK OF INDIANA

Defendants National City Corporation, National City Bank, and National City Bank of

Indiana ("National City Defendants") respond as follows to the allegations and averments in

Plaintiff Ronald A. Katz Technology Licensing, L.P.'s ("RAKTL") Complaint in the above-

styled action:

### THE PARTIES

1.    The National City Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 1 of the Complaint, except they admit

that the California Secretary of State's unofficial records indicate that Ronald A. Katz

Technology Licensing, L.P. is a California limited partnership with an address of 9220 Sunset

Blvd., Ste. 315, Los Angeles, California 90069.

2.    The National City Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.    The National City Defendants admit the allegations in paragraph 20 of the Complaint.

21.    The National City Defendants admit the allegations in paragraph 21 of the Complaint.

22.    The National City Defendants deny the allegations in paragraph 22 of the Complaint. The National City Defendants state that National City Bank of Indiana has been merged into National City Bank and is no longer a separate entity.

23.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

## JURISDICTION AND VENUE

34.     The National City Defendants admit that the Complaint purports to set forth an action arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.* The National City Defendants also admit that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

35.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.    The National City Defendants admit that National City Corporation is a Delaware corporation. The National City Defendants admit that National City Corporation and National City Bank do business in Delaware. The National City Defendants deny the remaining allegations set forth in paragraph 36 of the Complaint. The National City Defendants not contest personal jurisdiction in this judicial district.

37.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41.    The National City Defendants admit that venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b). As to the allegations set forth in paragraph 41 of the Complaint that are directed toward the National City Defendants, the National City Defendants admit that National City Corporation is a Delaware corporation. As to the remaining allegations set forth in paragraph 41 of the Complaint that are directed toward the National City Defendants, the National City Defendants deny the allegations in paragraph 41 of the Complaint. The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 41 of the Complaint.

## BACKGROUND

42.     The National City Defendants admit that the following U.S. Patents listed in the "Asserted Patents" section of RAKTL's Complaint appear to have issued from the United States Patent & Trademark Office ("USPTO"):  U.S. Patent No. 4,792,968; U.S. Patent No. 4,930,150; U.S. Patent No. 5,128,984; U.S. Patent No. 5,251,252; U.S. Patent No. 5,351,285; U.S. Patent No. 5,684,863; U.S. Patent No. 5,787,156; U.S. Patent No. 5,815,551; U.S. Patent No. 5,828,734; U.S. Patent No. 5,898,762; U.S. Patent No. 5,917,893; U.S. Patent No. 5,974,120; U.S. Patent No. 6,035,021; U.S. Patent No. 6,148,065; U.S. Patent No. 6,335,965; U.S. Patent No. 6,349,134; U.S. Patent No. 6,424,703; U.S. Patent No. 6,434,223; U.S. Patent No. 6,512,415; and U.S. Patent No. 6,678,360 (collectively, "Patents-in-Suit").  The National City Defendants admit that Ronald A. Katz is named as the purported inventor on each of the Patents-in-Suit.  The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 42 of the Complaint.

43.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46.     The National City Defendants admit that U.S. Patent 4,792,968 appears to have issued from the USPTO on December 20, 1988 and that Ronald A. Katz is named as the purported inventor on that patent.  The National City Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 46 of the Complaint.

47.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.

48.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

49.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52.     The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53.     As to the allegations set forth in paragraph 53 of the Complaint that are directed toward the National City Defendants, the National City Defendants admit that RAKTL attempted to engage them in licensing negotiations with A2D and that this action was filed without any notice, either oral or written, to the National City Defendants.  The National City Defendants deny that any communications between them and RAKTL or A2D constitute admissions or acknowledgments by the National City Defendants regarding the validity of the Patents-In-Suit or their applicability to the National City Defendants' business.  As to the remaining allegations set forth in paragraph 53 that are directed toward the National City Defendants, the National City Defendants deny the allegations in paragraph 53 of the Complaint.  The National City

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 53 of the Complaint.

## **BACKGROUND**

54.     The National City Defendants admit that U.S. Patent No. 4,792,968 ("the '968 patent"), entitled "Statistical Analysis System for use with Public Communication Facility," appears to have issued from the USPTO on December 20, 1988, with Ronald A. Katz named as the purported inventor. The National City Defendants explicitly deny that the '968 patent is valid and enforceable. The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 54 of the Complaint.

55.     The National City Defendants admit that U.S. Patent No. 4,930,150 ("the '150 patent"), entitled "Telephonic Interface Control System," appears to have issued from the USPTO on May 29, 1990, with Ronald A. Katz named as the purported inventor. The National City Defendants explicitly deny that the '150 patent is valid and enforceable. The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 55 of the Complaint.

56.     The National City Defendants admit that U.S. Patent No. 5,128,984 ("the '984 patent"), entitled "Telephone Interface Call Processing System with Call Selectivity," appears to have issued from the USPTO on July 7, 1992, with Ronald A. Katz named as the purported inventor. The National City Defendants explicitly deny that the '984 patent is valid and enforceable. The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 56 of the Complaint.

57.    The National City Defendants admit that U.S. Patent No. 5,251,252 ("the '252 patent"), entitled "Telephone Interface Call Processing System with Call Selectivity," appears to have issued from the USPTO on October 5, 1993, with Ronald A. Katz named as the purported inventor. The National City Defendants explicitly deny that the '252 patent is valid and enforceable. The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 57 of the Complaint.

58.    The National City Defendants admit that U.S. Patent No. 5,351,285 ("the '285 patent"), entitled "Multiple Format Telephonic Interface Control System," appears to have issued from the USPTO on September 27, 1994, with Ronald A. Katz named as the purported inventor. The National City Defendants explicitly deny that the '285 patent is valid and enforceable. The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 58 of the Complaint.

59.    The National City Defendants admit that U.S. Patent No. 5,684,863 ("the '863 patent"), entitled "Telephonic-Interface Statistical Analysis System," appears to have issued from the USPTO on November 4, 1997, with Ronald A. Katz named as the purported inventor. The National City Defendants explicitly deny that the '863 patent is valid and enforceable. The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 59 of the Complaint.

60.    The National City Defendants admit that U.S. Patent No. 5,787,156 ("the '156 patent"), entitled "Telephonic-Interface Lottery System," appears to have issued from the USPTO on July 28, 1998, with Ronald A. Katz named as the purported inventor. The National City Defendants explicitly deny that the '156 patent is valid and enforceable. The National City

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 60 of the Complaint.

61.    The National City Defendants admit that U.S. Patent No. 5,815,551 ("the '551 patent"), entitled "Telephonic-Interface Statistical Analysis System," appears to have issued from the USPTO on September 29, 1998, with Ronald A. Katz named as the purported inventor. The National City Defendants explicitly deny that the '551 patent is valid and enforceable. The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 61 of the Complaint.

62.    The National City Defendants admit that U.S. Patent No. 5,828,734 ("the '734 patent"), entitled "Telephone Interface Call Processing System with Call Selectivity," appears to have issued from the USPTO on October 27, 1998, with Ronald A. Katz named as the purported inventor. The National City Defendants explicitly deny that the '734 patent is valid and enforceable. The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 62 of the Complaint.

63.    The National City Defendants admit that U.S. Patent No. 5,898,762 ("the '762 patent"), entitled "Telephonic-Interface Statistical Analysis System," appears to have issued from the USPTO on April 27, 1999, with Ronald A. Katz named as the purported inventor. The National City Defendants explicitly deny that the '762 patent is valid and enforceable. The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 63 of the Complaint.

64.    The National City Defendants admit that U.S. Patent No. 5,917,893 ("the '893 patent"), entitled "Multiple Format Telephonic Interface Control System," appears to have issued

from the USPTO on June 29, 1999, with Ronald A. Katz named as the purported inventor. The National City Defendants explicitly deny that the '893 patent is valid and enforceable. The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 64 of the Complaint.

65.    The National City Defendants admit that U.S. Patent No. 5,974,120 ("the '120 patent"), entitled "Telephone Interface Call Processing System with Call Selectivity," appears to have issued from the USPTO on October 26, 1999, with Ronald A. Katz named as the purported inventor. The National City Defendants explicitly deny that the '120 patent is valid and enforceable. The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 65 of the Complaint.

66.    The National City Defendants admit that U.S. Patent No. 6,035,021 ("the '021 patent"), entitled "Telephonic-Interface Statistical Analysis System," appears to have issued from the USPTO on March 7, 2000, with Ronald A. Katz named as the purported inventor. The National City Defendants explicitly deny that the '021 patent is valid and enforceable. The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 66 of the Complaint.

67.    The National City Defendants admit that U.S. Patent No. 6,148,065 ("the '065 patent"), entitled "Telephonic-Interface Statistical Analysis System," appears to have issued from the USPTO on November 14, 2000, with Ronald A. Katz named as the purported inventor. The National City Defendants explicitly deny that the '065 patent is valid and enforceable. The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 67 of the Complaint.

68.    The National City Defendants admit that U.S. Patent No. 6,335,965 ("the '965 patent"), entitled "Voice-Data Telephonic Interface Control System," appears to have issued from the USPTO on January 1, 2002, with Ronald A. Katz named as the purported inventor. The National City Defendants explicitly deny that the '965 patent is valid and enforceable. The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 68 of the Complaint.

69.    The National City Defendants admit that U.S. Patent No. 6,349,134 ("the '134 patent"), entitled "Telephonic-Interface Statistical Analysis System," appears to have issued from the USPTO on February 19, 2002, with Ronald A. Katz named as the purported inventor. The National City Defendants explicitly deny that the '134 patent is valid and enforceable. The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 69 of the Complaint.

70.    The National City Defendants admit that U.S. Patent No. 6,424,703 ("the '703 patent"), entitled "Telephonic-Interface Lottery System," appears to have issued from the USPTO on July 23, 2002, with Ronald A. Katz named as the purported inventor. The National City Defendants explicitly deny that the '703 patent is valid and enforceable. The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 70 of the Complaint.

71.    The National City Defendants admit that U.S. Patent No. 6,434,223 ("the '223 patent"), entitled "Telephone Interface Call Processing System with Call Selectivity," appears to have issued from the USPTO on August 13, 2002, with Ronald A. Katz named as the purported inventor. The National City Defendants explicitly deny that the '223 patent is valid and enforceable. The National City Defendants are without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations set forth in paragraph 71 of the

Complaint.

72.    The National City Defendants admit that U.S. Patent No. 6,512,415 ("the '415

patent"), entitled "Telephonic-Interface Game Control System," appears to have issued from the

USPTO on January 28, 2003, with Ronald A. Katz named as the purported inventor. The

National City Defendants explicitly deny that the '415 patent is valid and enforceable. The

National City Defendants are without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations set forth in paragraph 72 of the Complaint.

73.    The National City Defendants admit that U.S. Patent No. 6,678,360 ("the '360

patent"), entitled "Telephonic-Interface Statistical Analysis System," appears to have issued

from the USPTO on January 13, 2004, with Ronald A. Katz named as the purported inventor.

The National City Defendants explicitly deny that the '360 patent is valid and enforceable. The

National City Defendants are without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations set forth in paragraph 73 of the Complaint.

**FIRST CLAIM**
**(RAKTL'S PATENT INFRINGEMENT ALLEGATIONS AGAINST**
**AIG DEFENDANTS)**

74.    The National City Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

75.    The National City Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 75 of the Complaint.

76.    The National City Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 76 of the Complaint.

77.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint.

78.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint.

79.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint.

80.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint.

81.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint.

## SECOND CLAIM
## (RAKTL'S PATENT INFRINGEMENT ALLEGATIONS AGAINST NATIONAL CITY DEFENDANTS)

82.    The National City Defendants incorporate by reference their responses to paragraphs 1-73 as though fully set forth herein.

83.    The National City Defendants admit that National City Corporation is a financial holding company and that National City Bank is its subsidiary. The National City Defendants admit that National City Bank provides banking and financial services to individuals and businesses. The National City Defendants admit that National City Bank operates banking offices and automated teller machines in Ohio, Pennsylvania, Indiana, Kentucky, Illinois, and Michigan. As to the remaining allegations set forth in paragraph 83 of the Complaint, the National City Defendants deny the allegations in paragraph 83 of the Complaint.

84.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "call processing systems" and

"automated system" referred to in paragraph 84 of the Complaint. The National City Defendants admit that National City Bank has systems that allow its customers to access information regarding their accounts, transfer funds between accounts, order personal checks, make credit card payments, establish or change their personal identification numbers, and perform certain other functions. National City Corporation and National City Bank of Indiana, however, are improper parties to this case. As to the remaining allegations set forth in paragraph 84 of the Complaint, the National City Defendants deny the allegations in paragraph 84 of the Complaint.

85.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint.

86.    The National City Defendants deny the allegations in paragraph 86 of the Complaint.

87.    The National City Defendants deny the allegations in paragraph 87 of the Complaint.

88.    The National City Defendants deny the allegations in paragraph 88 of the Complaint.

89.    The National City Defendants deny the allegations in paragraph 89 of the Complaint.

## THIRD CLAIM
### (RAKTL'S PATENT INFRINGEMENT ALLEGATIONS AGAINST WILMINGTON TRUST DEFENDANTS)

90.    The National City Defendants incorporate by reference their responses to paragraphs 1-73 as though fully set forth herein.

91.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint.

92.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint.

93.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint.

94.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint.

95.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Complaint.

96.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Complaint.

97.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint.

**FOURTH CLAIM**
**(RAKTL'S PATENT INFRINGEMENT ALLEGATIONS AGAINST AQUILA)**

98.    The National City Defendants incorporate by reference their responses to paragraphs 1-73 as though fully set forth herein.

99.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint.

100.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint.

101.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint.

102.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint.

103.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint.

104.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint.

105.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint.

## FIFTH CLAIM
## (RAKTL'S PATENT INFRINGEMENT ALLEGATIONS AGAINST DHL DEFENDANTS)

106.    The National City Defendants incorporate by reference their responses to paragraphs 1-73 as though fully set forth herein.

107.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint.

108.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Complaint.

109.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint.

110.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Complaint.

111.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Complaint.

112.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Complaint.

113.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Complaint.

## SIXTH CLAIM
## (RAKTL'S PATENT INFRINGEMENT ALLEGATIONS AGAINST CIGNA DEFENDANTS)

114.    The National City Defendants incorporate by reference their responses to paragraphs 1-73 as though fully set forth herein.

115.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the Complaint.

116.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the Complaint.

117.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint.

118.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the Complaint.

119.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Complaint.

120.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the Complaint.

121.    The National City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the Complaint.

122.    The National City Defendants deny all allegations set forth in the Complaint that were not expressly admitted above, including those allegations as to which the National City

Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

## THE NATIONAL CITY DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

123.    No National City Defendant has infringed, nor does any National City Defendant now infringe, either directly or indirectly, any valid claim of any of the patents identified in paragraph 85 of the Complaint (the '021, '065, '120, '134, '150, '223, '252, '285, '360, '551, '734, '762, '863, '893, '968, and '984 patents; collectively, "Asserted Patents").

### Second Affirmative Defense

124.    The claims of the Asserted Patents are invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. § 1 *et seq*., including, without limitation, 35 U.S.C. §§ 102, 103 and/or 112.

### Third Affirmative Defense

125.    On information and belief, by virtue of the proceedings in the USPTO during the prosecution of the applications that matured into the Asserted Patents, as illustrated by their prosecution histories, RAKTL is estopped from asserting that the National City Defendants have infringed, directly or indirectly, any claim of the Asserted Patents, either literally or under the doctrine of equivalents.

### Fourth Affirmative Defense

126.    On information and belief, RAKTL's claims are barred based on the doctrine of prosecution laches.

### Fifth Affirmative Defense

127.    On information and belief, RAKTL's claims are barred in whole or in part by the doctrine of laches.

### Sixth Affirmative Defense

128.    RAKTL's Complaint fails to state a claim on which relief can be granted.

### Seventh Affirmative Defense

129.    On information and belief, the Asserted Patents are unenforceable in whole or in part due to inequitable conduct in their procurement.

### THE NATIONAL CITY DEFENDANTS' COUNTERCLAIMS FOR DECLARATORY JUDGMENT

As for its counterclaims against Ronald A. Katz Technology Licensing, L.P., National City Bank alleges and avers as follows:

### GENERAL ALLEGATIONS AND PARTIES

130.    National City Bank is a national bank with its principal place of business is at 1900 East Ninth Street, Cleveland, Ohio 44114.

131.    On information and belief, Ronald A. Katz Technology Licensing, L.P. ("RAKTL") is a limited partnership organized under the laws of the State of California, with its principal place of business in Los Angeles, California.

132.    This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202.

133.    RAKTL is subject to personal jurisdiction in this judicial district.

134.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

135.    In its Complaint, RAKTL asserts that it owns the following U.S. Patents: U.S. Patent No. 6,035,021; U.S. Patent No. 6,148,065; U.S. Patent No. 5,974,120; U.S. Patent No. 6,349,134; U.S. Patent No. 4,930,150; U.S. Patent No. 6,434,223; U.S. Patent No. 5,251,252; U.S. Patent No. 5,351,285; U.S. Patent No. 6,678,360; U.S. Patent No. 5,815,551; U.S. Patent No. 5,828,734; U.S. Patent No. 5,898,762; U.S. Patent No. 5,684,863; U.S. Patent No. 5,917,893; U.S. Patent No. 4,792,968; and U.S. Patent No. 5,128,984 (collectively, "Asserted Patents").

136.    In its Complaint, RAKTL asserts that National City Corporation, National City Bank, and National City Bank of Indiana ("National City Defendants") have infringed and continue to infringe the Asserted Patents.

**COUNT I**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT**

137.    National City Bank repeats and realleges the allegations of paragraphs 130-136 of this Counterclaim as if fully set forth herein.

138.    No National City Defendant has infringed, either directly or indirectly, any valid claim of any of the Asserted Patents, and no National City Defendant now infringes, either directly or indirectly, any valid and asserted claim of any of the Asserted Patents.

139.    National City Bank is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that the National City Defendants have not infringed and do not infringe, directly or indirectly, any valid claim of the Asserted Patents.

**COUNT II**
**DECLARATORY JUDGMENT OF INVALIDITY**

140.    National City Bank repeats and realleges the allegations of paragraphs 130-139 of this Counterclaim as if fully set forth herein.

141.    The Asserted Patents are invalid for failure to comply with the requirements of 35 U.S.C. §§ 1 *et seq.*, including but without limitation §§ 102, 103 and 112.

142.    National City Bank is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that the claims of the Asserted Patents are invalid.

### COUNT III
### DECLARATORY JUDGMENT OF UNENFORCEABILITY

143.    National City Bank repeats and realleges the allegations of paragraphs 130-142 of this Counterclaim as if fully set forth herein.

144.    On information and belief, the Asserted Patents are unenforceable, in whole or in part, due to inequitable conduct in their procurement.

145.    National City Bank is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that the claims of the Asserted Patents are unenforceable due to inequitable conduct in their procurement.

### COUNT IV
### ATTORNEY FEES

146.    National City Bank repeats and realleges the allegations of paragraphs 130-145 of this Counterclaim as if fully set forth herein.

147.    On information and belief, RAKTL has pursued this action aware that the Asserted Patents are invalid and unenforceable and that National City Defendants have not infringed and do not infringe the Asserted Patents.

148.    This is therefore an exceptional case under 35 U.S.C. § 285, and National City Bank is entitled to recover attorneys' fees and costs associated with defending this action.

## PRAYER FOR RELIEF

WHEREFORE, National City Bank respectfully requests that this Court enter judgment in its favor and grant the following relief:

A.      A declaration that the National City Defendants have not infringed, and do not infringe, any valid claim of U.S. Patent Nos. 6,035,021; 6,148,065; 5,974,120; 6,349,134; 4,930,150; 6,434,223; 5,251,252; 5,351,285; 6,678,360; 5,815,551; 5,828,734; 5,898,762; 5,684,863; 5,917,893; 4,792,968; and 5,128,984 (collectively, "Asserted Patents");

B.      A declaration that the Asserted Patents are invalid;

C.      A declaration that the Asserted Patents are unenforceable;

D.      Dismissal, with prejudice, of RAKTL's Complaint;

E.      An Order denying RAKTL all relief it has requested in its Complaint;

F.      An Order finding that this is an exceptional case under 35 U.S.C. § 285 and awarding National City Bank its reasonable attorney fees and costs; and

G.      Such other and further relief as the Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

The National City Defendants request a jury trial of any issues triable by jury.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Kenneth R. Adamo                    By: /s/ Philip A. Rovner
JONES DAY                                Philip A. Rovner (#3215)
2727 North Harwood Street                Hercules Plaza
Dallas, TX  75201-1515                   P.O. Box 951
(214) 220-3939                           Wilmington, DE 19899
                                         (302) 984-6000
Samuel J. Najim                          provner@potteranderson.com
JONES DAY
1420 Peachtree Street, N.E.          *Attorneys for Defendants*
Suite 800                            *National City Corporation*
Atlanta, GA  30309-3053              *National City Bank and*
(404) 521-3939                       *National City Bank of Indiana*

Kevin G. McBride
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071-2300
(213) 489-3939


Dated:  October 26, 2006

758179

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on October 26, 2006, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY CM-ECF, E-MAIL AND HAND DELIVERY**

Andre G. Bouchard, Esq.
John M. Seaman, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue
Suite 1400
Wilmington, DE 19801
abouchard@bmf-law.com
jseaman@bmf-law.com

**BY CM-ECF AND E-MAIL**

David A. Felice, Esq.
Cozen O'Connor
Chase Manhattan Centre
1201 N. Market Street
Suite 1400
Wilmington, DE 19801
deflice@cozen.com

**BY CM-ECF AND E-MAIL**

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, DE 19801
sbalick@ashby-geddes.com
jday@ashby-geddes.com

**BY CM-ECF AND E-MAIL**

Danielle Gibbs, Esq.
Karen E. Keller, Esq.
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
dgibbs@ycst.com
kkeller@ycst.com

**BY CM-ECF AND E-MAIL**

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com

**BY CM-ECF AND E-MAIL**

Collins J. Seitz, Jr., Esq.
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899
cseitz@cblh.com

_____/s/ Philip A. Rovner_____
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com

-2-