IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 06-547-GMS |
| AMERICAN INTERNATIONAL GROUP, INC.; AIG RETIREMENT SERVICES, INC.; 21ST CENTURY INSURANCE GROUP; 21ST CENTURY INSURANCE COMPANY; 21ST CENTURY CASUALTY COMPANY; AIG MARKETING, INC.; AIG SUNAMERICA ASSET MANAGEMENT CORP; AIG ANNUITY INSURANCE COMPANY; AIG FEDERAL SAVINGS BANK; THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK; AIG LIFE INSURANCE COMPANY; AMERICAN GENERAL ASSURANCE COMPANY; AMERICAN GENERAL INDEMNITY COMPANY; AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY; AMERICAN GENERAL LIFE INSURANCE COMPANY; THE VARIABLE ANNUITY LIFE INSURANCE COMPANY; VALIC FINANCIAL ADVISORS, INC.; VALIC RETIREMENT SERVICES COMPANY; NATIONAL CITY CORPORATION; NATIONAL CITY BANK; NATIONAL CITY BANK OF INDIANA; WILMINGTON TRUST COMPANY; WILMINGTON BROKERAGE SERVICES COMPANY; AQUILA, INC.; DHL HOLDINGS (USA) INC.; DHL EXPRESS (USA), INC.; SKY COURIER, INC.; CIGNA CORPORATION; CIGNA HEALTH CORPORATION, CIGNA HEALTHCARE OF DELAWARE, INC.; TEL-DRUG, INC.; TEL-DRUG OF PENNSYLVANIA, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendants. | ) ) | |

_____

**ANSWER AND COUNTERCLAIMS OF DEFENDANT**
**AQUILA, INC. TO RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S**
<u>**COMPLAINT FOR PATENT INFRINGEMENT**</u>

Defendant Aquila, Inc. ("Aquila"), by and through its undersigned attorneys, answers the Complaint of Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") as follows:

## THE PARTIES

1.      Plaintiff Katz Technology Licensing is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶1, and therefore denies them.

2.      On information and belief, Defendant American International Group, Inc. is a Delaware corporation with its principal place of business at 70 Pine Street, New York City, New York 10270.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶2, and therefore denies them.

3.      On information and belief, Defendant AIG Retirement Services, Inc. is (a) a Delaware corporation with its principal place of business at One SunAmerica Center, Los Angeles, California 90067, and (b) a subsidiary of American International Group, Inc.

DB02:5580563.1

065686.1001

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶3, and therefore denies them.

4.      On information and belief, Defendant 21st Century Insurance Group is (a) a Delaware corporation with its principal place of business at 6301 Owensmouth Avenue, Woodland Hills, California 91367, and (b) a subsidiary of American International Group, Inc.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶4, and therefore denies them.

5.      On information and belief, Defendant 21st Century Insurance Company is (a) a California corporation with its principal place of business at 6301 Owensmouth Avenue, Woodland Hills, California 91 367, and (b) a subsidiary of American International Group, Inc.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶5, and therefore denies them.

6.      On information and belief, Defendant 21st Century Casualty Company is (a) a California corporation with its principal place of business at 6301 Owensmouth Avenue, Woodland Hills, California 91367, and (b) a subsidiary of American International Group, Inc.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶6, and therefore denies them.

7.    On information and belief, Defendant AIG Marketing, Inc. is (a) a Delaware corporation with its principal place of business at One AIG Center, Wilmington, Delaware 19803, and (b) a subsidiary of American International Group, Inc.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶7, and therefore denies them.

8.    On information and belief, Defendant AIG SunAmerica Asset Management Corp. is (a) a Delaware corporation with its principal place of business at 733 Third Avenue, New York City, New York 1001 7, and (b) a subsidiary of American International Group, Inc.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶8, and therefore denies them.

9.    On information and belief, Defendant AIG Annuity Insurance Company is (a) a Texas corporation with its principal place of business at 2929 Allen Parkway, Houston, Texas 77019, and (b) a subsidiary of American International Group, Inc.

DB02:5580563.1                                    065686.1001

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶9, and therefore denies them.

10.    On information and belief, Defendant AIG Federal Savings Bank is (a) a federal savings bank with its principal place of business at 704 King Street, Wilmington, Delaware 19801, and (b) a subsidiary of American International Group, Inc.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶10, and therefore denies them.

11.    On information and belief, Defendant The United States Life Insurance Company in the City of New York is (a) a New York corporation with its principal place of business at 830 Third Avenue, New York City, New York 10022, and (b) a subsidiary of American International Group, Inc.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶11, and therefore denies them.

12.    On information and belief, Defendant AIG Life Insurance Company is (a) a Delaware corporation with its principal place of business at One ALICO Plaza, Wilmington, Delaware 19899, and (b) a subsidiary of American International Group, Inc.

DB02:5580563.1                                                          065686.1001

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶12, and therefore denies them.

13.    On information and belief, Defendant American General Assurance Company is (a) an Illinois corporation with its principal place of business at 1000 Woodfield Road, Schaumburg, Illinois 601 73, and (b) a subsidiary of American International Group, Inc.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶13, and therefore denies them.

14.    On information and belief, Defendant American General Indemnity Company is (a) an Illinois corporation with its principal place of business at 1000 Woodfield Road, Schaumburg, Illinois 601 73, and (b) a subsidiary of American International Group, Inc.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶14, and therefore denies them.

15.    On information and belief, Defendant American General Life and Accident Insurance Company is (a) a Tennessee corporation with its principal place of business at American General Center-MC 338N, Nashville, Tennessee 37250, and (b) a subsidiary of American International Group, Inc.

DB02:5580563.1                                                                 065686.1001

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶15, and therefore denies them.

16.    On information and belief, Defendant American General Life Insurance Company is (a) a Texas corporation with its principal place of business at 2727-A Allen Parkway, Houston, Texas 7725 1, and (b) a subsidiary of American International Group, Inc.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶16, and therefore denies them.

17.    On information and belief, Defendant The Variable Annuity Life Insurance Company is (a) a Texas corporation with its principal place of business at 2929 Allen Parkway, Houston, Texas 7701 9, and (b) a subsidiary of American International Group, Inc.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶17, and therefore denies them.

18.    On information and belief, Defendant VALIC Financial Advisors, Inc. is (a) a Texas corporation with its principal place of business at 2929 Allen Parkway, Houston, Texas 770 19, and (b) a subsidiary of American International Group, Inc.

DB02:5580563.1                                                                    065686.1001

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶18, and therefore denies them.

19.    On information and belief, Defendant VALIC Retirement Services Company is (a) a Texas corporation with its principal place of business at 2929 Allen Parkway, Houston, Texas 7701 9, and (b) a subsidiary of American International Group, Inc.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶19, and therefore denies them.

20.    On information and belief, Defendant National City Corporation is a Delaware corporation with its principal place of business at 1900 East Ninth Street, Cleveland, Ohio 44114.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶20, and therefore denies them.

21.    On information and belief, Defendant National City Bank is (a) a national bank with its principal place of business at 1900 East Ninth Street, Cleveland, Ohio 44 1 14, and (b) a subsidiary of National City Corporation.

DB02:5580563.1                                                                                                      065686.1001

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶21, and therefore denies them.

22.     On information and belief, Defendant National City Bank of Indiana is (a) a national bank with its principal place of business at One Merchants Plaza, Indianapolis, Indiana 46204, and (b) a subsidiary of National City Corporation.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶22, and therefore denies them.

23.     On information and belief, Defendant Wilmington Trust Company is a Delaware corporation with its principal place of business at 1 100 North Market Street, Wilmington, Delaware 19890.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶23, and therefore denies them.

24.     On information and belief, Defendant Wilmington Brokerage Services Company is (a) a Delaware corporation with its principal place of business at 1100 North Market Street, Wilmington, Delaware 19890, and (b) a subsidiary of Wilmington Trust Company.

DB02:5580563.1                                                        065686.1001

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶24, and therefore denies them.

25.     On information and belief, Defendant Aquila, Inc. is a Delaware corporation with its principal place of business at 20 West Ninth Street, Kansas City, Missouri 64105.

**ANSWER:**

Aquila admits the allegations of ¶25.

26.     On information and belief, Defendant DHL Holdings (USA) Inc. is a Delaware corporation with its principal place of business at 1200 South Pine Island Road, Plantation, Florida 33324.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶26, and therefore denies them.

27.     On information and belief, Defendant DHL Express (USA) Inc. is (a) a Delaware corporation with its principal place of business at 1200 South Pine Island Road, Plantation, Florida 33324; and (b) affiliated with DHL Holdings (USA) Inc.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶27, and therefore denies them.

DB02:5580563.1                                                                065686.1001

28.    On information and belief, Defendant Sky Courier, Inc. is a Delaware corporation with its principal place of business at 21 240 Ridgetop Circle, Sterling, Virginia 20166. As indicated on its website, www.skycourier.com, Sky Courier is also known as DHL SameDay and is part of the DHL family of companies.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶28, and therefore denies them.

29.    On information and belief, Defendant CIGNA Corporation is a Delaware corporation with its principal place of business at Two Liberty Place, Philadelphia, Pennsylvania 19192.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶29, and therefore denies them.

30.    On information and belief, Defendant CIGNA Health Corporation is (a) a Delaware corporation with its principal place of business at 900 Cottage Grove Road, Bloomfield, Connecticut 06002, and (b) a subsidiary of CIGNA Corporation.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶30, and therefore denies them.

DB02:5580563.1                                                                                                    065686.1001

31. On information and belief, Defendant CIGNA Healthcare of Delaware, Inc. is (a) a Delaware corporation with its principal place of business at 590 Naarnans Road, Claymont, Delaware 19703, and (b) a subsidiary of CIGNA Corporation.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶31, and therefore denies them.

32.    On information and belief, Defendant Tel-Drug, Inc. is (a) a South Dakota corporation with its principal place of business at 4901 North Fourth Avenue, Sioux Falls, South Dakota 57104, and (b) a subsidiary of CIGNA Corporation.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶32, and therefore denies them.

33.    On information and belief, Defendant Tel-Drug of Pennsylvania, LLC is (a) a Pennsylvania corporation with its principal place of business at 206 Welsh Road, Horsharn, Pennsylvania 19044, and (b) a subsidiary of CIGNA Corporation.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶33, and therefore denies them.

DB02:5580563.1                    065686.1001

## JURISDICTION AND VENUE

34.    This is an action arising under the patent laws of the United States, 35 U.S.C. sections 101 et seq. This Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1331 and 1338(a).

### ANSWER:

Aquila admits that Katz Licensing Technology purports to bring an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101 et. seq.  Aquila admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338(a). Aquila denies that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

35. American International Group, Inc., AIG Retirement Services, Inc., 21st Century Insurance Group, 2 1 st Century Insurance Company, 2 1 st Century Casualty Company, AIG Marketing, Inc., AIG SunAmerica Asset Management Corp., AIG Annuity Insurance Company, AIG Federal Savings Bank, The United States Life Insurance Company in the City of New York, AIG Life Insurance Company, American General Assurance Company, American General Indemnity Company, American General Life and Accident Insurance Company, American General Life Insurance Company, The Variable Annuity Life Insurance Company, VALIC Financial Advisors, Inc., and VALIC Retirement Services Company (collectively, the "AIG Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations, have designated a registered agent in this district, and/or are registered to do business in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems for customer service, policy access, roadside assistance, sales and other services that are available to their customers, including

customers in this district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶35, and therefore denies them.

36.    National City Corporation, National City Bank, and National City Bank of Indiana (collectively, the "National City Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations and/or have designated a registered agent in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems for account information and insurance, credit card, and loan services available to their customers, including customers in this district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶36, and therefore denies them.

37.    Wilmington Trust Company and Wilmington Brokerage Services Company (collectively, the "Wilmington Trust Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations and have designated a registered agent in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems for customer service and financial and brokerage services available to their customers, including customers in this district; and/or (4) they

14

regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶37, and therefore denies them.

38.    Defendant Aquila, Inc. ("Aquila") is subject to this Court's personal jurisdiction because, on information and belief, it is a Delaware corporation and has designated a registered agent in this district.

**ANSWER:**

Aquila admits the allegations of ¶38.

39.    Defendants DHL Holdings (USA) Inc.; DHL Express (USA), Inc.; and Sky Courier, Inc. (collectively, the "DHL Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations and have designated a registered agent in this district; (2) they do substantial business in this district and maintain facilities, licensed agents, and drop boxes in this district; (3) they operate infringing automated call processing systems for customer service, new accounts, sales, and technical support that allow their customers, including customers in this district, to open accounts and obtain express shipping and delivery services and other mail and logistic services over the telephone; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶39, and therefore denies them.

40.    CIGNA Corporation; CIGNA Health Corporation; CIGNA Healthcare of Delaware, Inc.; Tel-Drug, Inc.; and Tel-Drug of Pennsylvania, LLC (collectively, the "CIGNA Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations and/or have designated a registered agent in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems for pharmacy and prescription refill services, customer service, and provider services available to their customers and providers, including customers and providers in this district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶40, and therefore denies them.

41.    Venue is proper in this judicial district under 28 U.S.C. sections 1391(c) and 1400(b) because the Defendants are incorporated, reside, are registered to do business in, and/or engage in significant business activities in this district as set forth in Paragraphs 2-33 and 35-40 above.

DB02:5580563.1                                                                    065686.1001

**ANSWER:**

Aquila admits that Aquila is incorporated in this district and that venue is therefore proper with respect to Aquila. Aquila is without information sufficient to admit or deny the remaining allegations of ¶41, and therefore denies them.

## BACKGROUND

42.    Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is the sole inventor of each of the patents-in-suit. Mr. Katz has been widely recognized as one of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years have been utilized by literally millions of people.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of the first sentence of ¶42, and therefore denies them. Aquila denies the allegations of the second sentence of ¶42.

43.    In 1961, Mr. Katz co-founded Telecredit Inc. ("Telecredit"), the first company to provide online, real-time credit authorization, allowing merchants to verify checks over the telephone. Further innovations from Telecredit include the first online, real-time, point-of-sale credit verification terminal, which enabled merchants to verify checks without requiring the assistance of a live operator, and the first device that used and updated magnetically-encoded cards in automated teller machines. Multiple patents issued from these innovations, including patents co-invented by Mr. Katz.

DB02:5580563.1                                                065686.1001

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of the first two sentences of ¶43, and therefore denies them. With respect to the third sentence of ¶ 43, Aquila admits that multiple patents list Mr. Katz as a co-inventor, denies any characterization of Mr. Katz's work as "innovations", and denies any remaining allegations not specifically admitted herein.

44.     Telecredit was eventually acquired by Equifax, and has now been spun off as Certegy, a public company traded on the New York Stock Exchange. Certegy continues to provide services in the credit and check verification field established by Mr. Katz and Telecredit.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶44, and therefore denies them.

45. Mr. Katz's inventions have not been limited to telephonic check verification. Indeed, Mr. Katz is responsible for advancements in many fields of technology. Among his most prominent and well-known innovations are those in the field of interactive call processing. Mr. Katz's inventions in that field are directed to the integration of telephonic systems with computer databases and live operator call centers to provide interactive call processing services.

**ANSWER:**

Aquila denies the allegations of ¶45.

46.     The first of Mr. Katz's interactive call processing patents issued on December 20, 1988. More than fifty U.S. patents have issued to Mr. Katz for his inventions in the interactive call-processing field, including each of the patents-in-suit.

**ANSWER:**

Aquila admits that multiple patents have issued that list Mr. Katz as an inventor.  Aquila is without information sufficient to admit or deny the remaining allegations of ¶46, and therefore denies them.

47.     In 1988, Mr. Katz partnered with American Express to establish FDR Interactive Technologies, later renamed Call Interactive, to provide interactive call processing services based on Mr. Katz's inventions. The American Express business unit involved in this joint venture later became known as First Data.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶47, and therefore denies them.

48.     Early clients of Call Interactive included The New York Times, ABC's Monday Night Football, KABC Radio, CBS News, and Beatrice Foods (Hunt-Wesson division).

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶48, and therefore denies them.

DB02:5580563.1                                                                                   065686.1001

49.    Many of these clients utilized Call Interactive technology for high-profile events. For example, CBS News hired Call Interactive to operate an interactive, real-time telephone poll to gauge viewer reaction to President George H.W. Bush's 1992 State of the Union address.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶49, and therefore denies them.

50.    Mr. Katz sold his interest in Call Interactive to American Express in 1989 but continued to provide advisory services to Call Interactive until 1992. American Express later spun off the First Data business unit into a separate corporation, and with that new entity went Mr. Katz's interactive call processing patents and the Call Interactive call processing business. The former Call Interactive, now known as First Data Voice Services, continues to provide call processing solutions today.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶50, and therefore denies them.

51.    In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to each of the patents-in-suit, from First Data, the owner of all of the Katz interactive call processing patents at that time.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶51, and therefore denies them.

52.    The marketplace has clearly recognized the value of Mr. Katz's inventions. Indeed, over one hundred fifty companies have licensed the patents-in-suit. Licensees include IBM, Hewlett-Packard, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, AT&T, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, Citibank, and the Home Shopping Network. These licensees and others acknowledge the applicability of the patents-in-suit to multiple fields of use, including but not limited to financial services call processing, automated securities transactions, automated credit card authorization services, automated wireless telecommunication services and support, automated health care services, and product and service support.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶52, and therefore denies them.

53.    Each of the defendants employs the inventions of certain of the patents-in-suit. Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants has agreed to take a license to any of the patents-in-suit.

**ANSWER:**

Aquila denies the allegations of sentence one of ¶53 to the extent it is directed to Aquila. Aquila is without information to admit or deny the remaining allegations set forth in sentence

one of ¶53, and therefore denies the same. Aquila denies any allegations not specifically admitted herein.

## THE ASSERTED PATENTS

54.    On December 20, 1988, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,792,968 (the "'968 Patent") to Ronald A. Katz for an invention entitled "Statistical Analysis System for Use With Public Communication Facility." The '968 Patent expired on December 20, 2005.

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 4,792,968 on or about December 20, 1988 and that Ronald A. Katz is listed as the inventor. In further response, Aquila states that United States Patent No. 4,792,968 is a document that speaks for itself. Aquila denies all factual allegations and legal averments set forth in ¶54 not specifically admitted herein.

55.    On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,930,150 (the "'150 Patent") to Ronald A. Katz for an invention entitled "Telephonic Interface Control System." The '150 Patent expired on December 20, 2005.

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 4,930,150 on or about May 29, 1990 and that Ronald A. Katz is listed as the inventor. In further response, Aquila states that United States Patent No. 4,930,150 is a document that speaks for itself. Aquila denies all factual allegations and legal averments set forth in ¶55 not specifically admitted herein.

56.    On July 7, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,128,984 (the "'984 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 5,128,984 on or about July 7, 1992 and that Ronald A. Katz is listed as the inventor.  In further response, Aquila states that United States Patent No. 5,128,984 is a document that speaks for itself.  Aquila denies all factual allegations and legal averments set forth in ¶56 not specifically admitted herein.

57.    On October 5, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,251,252 (the "'252 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 5,251,252 on or about October 5, 1993 and that Ronald A. Katz is listed as the inventor.  In further response, Aquila states that United States Patent No. 5,251,252 is a document that speaks for itself.  Aquila denies all factual allegations and legal averments set forth in ¶57 not specifically admitted herein.

58.    On September 27, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,351,285 (the "'285 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '285 Patent expired on December 20, 2005.

065686.1001

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 5,351,285 on or about September 27, 1997 and that Ronald A. Katz is listed as the inventor. In further response, Aquila states that United States Patent No. 5,351,285 is a document that speaks for itself. Aquila denies all factual allegations and legal averments set forth in ¶58 not specifically admitted herein.

59.     On November 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,684,863 (the "'863 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '863 Patent expired on December 20, 2005.

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 5,684,863 on or about November 4, 1997 and that Ronald A. Katz is listed as the inventor. In further response, Aquila states that United States Patent No. 5,684,863 is a document that speaks for itself. Aquila denies all factual allegations and legal averments set forth in ¶59 not specifically admitted herein.

60.     On July 28, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,787,156 (the "'156 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System." The '156 Patent expired on December 20, 2005.

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 5,787,156 on or about July 28, 1998 and that Ronald A.

Katz is listed as the inventor.  In further response, Aquila states that United States Patent No. 5,787,156 is a document that speaks for itself.  Aquila denies all factual allegations and legal averments set forth in ¶60 not specifically admitted herein.

61.    On September 29, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,815,551 (the "'551 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '551 Patent expired on December 20, 2005.

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 5,815,551 on or about September 29, 1998 and that Ronald A. Katz is listed as the inventor.  In further response, Aquila states that United States Patent No. 5,815,551 is a document that speaks for itself.  Aquila denies all factual allegations and legal averments set forth in ¶61 not specifically admitted herein.

62.    On October 27, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,828,734 (the "'734 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 5,828,734 on or about October 27, 1998 and that Ronald A. Katz is listed as the inventor.  In further response, Aquila states that United States Patent No. 5,828,734 is a document that speaks for itself.  Aquila denies all factual allegations and legal averments set forth in ¶62 not specifically admitted herein.

DB02:5580563.1                                                                                                      065686.1001

63.    On April 27, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,898,762 (the "'762 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '762 Patent expired on December 20, 2005.

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 5,898,762 on or about April 27, 1999 and that Ronald A. Katz is listed as the inventor.  In further response, Aquila states that United States Patent No. 5,898,762 is a document that speaks for itself.  Aquila denies all factual allegations and legal averments set forth in ¶63 not specifically admitted herein.

64.    On June 29, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,917,893 (the "'893 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '893 Patent expired on December 20, 2005.

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 5,917,893 on or about June 29, 1999 and that Ronald A. Katz is listed as the inventor.  In further response, Aquila states that United States Patent No. 5,917,893 is a document that speaks for itself.  Aquila denies all factual allegations and legal averments set forth in ¶64 not specifically admitted herein.

65.    On October 26, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,974,120 (the "'120 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 5,974,120 on or about October 26, 1999 and that Ronald A. Katz is listed as the inventor. In further response, Aquila states that United States Patent No. 5,974,120 is a document that speaks for itself. Aquila denies all factual allegations and legal averments set forth in ¶65 not specifically admitted herein.

66.    On March 7, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,035,021 (the "'021 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '021 Patent expired on December 20, 2005.

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 6,035,021 on or about March 7, 2000 and that Ronald A. Katz is listed as the inventor. In further response, Aquila states that United States Patent No. 6,035,021 is a document that speaks for itself. Aquila denies all factual allegations and legal averments set forth in ¶66 not specifically admitted herein.

67.    On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,148,065 (the "'065 Patent") to Ronald A. Katz for an

DB02:5580563.1                                                      065686.1001

invention entitled "Telephonic-Interface Statistical Analysis System." The '065 Patent expired on July 10, 2005.

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 6,148,065 on or about November 14, 2000 and that Ronald A. Katz is listed as the inventor. In further response, Aquila states that United States Patent No. 6,148,065 is a document that speaks for itself. Aquila denies all factual allegations and legal averments set forth in ¶67 not specifically admitted herein.

68.    On January 1, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,335,965 (the "'965 Patent") to Ronald A. Katz for an invention entitled "Voice-Data Telephonic Interface Control System." The '965 Patent expired on December 20, 2005.

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 6,335,965 on or about January 1, 2002 and that Ronald A. Katz is listed as the inventor. In further response, Aquila states that United States Patent No. 6,335,965 is a document that speaks for itself. Aquila denies all factual allegations and legal averments set forth in ¶68 not specifically admitted herein.

69.    On February 19, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,349,134 (the "'134 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '134 Patent expired on December 20, 2005.

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 6,349,134 on or about February 19, 2002 and that Ronald A. Katz is listed as the inventor. In further response, Aquila states that United States Patent No. 6,349,134 is a document that speaks for itself. Aquila denies all factual allegations and legal averments set forth in ¶69 not specifically admitted herein.

70.    On July 23, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,424,703 (the "'703 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System." The '703 Patent expired on July 10, 2005.

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 6,424,703 on or about July 23, 2002 and that Ronald A. Katz is listed as the inventor. In further response, Aquila states that United States Patent No. 6,424,703 is a document that speaks for itself. Aquila denies all factual allegations and legal averments set forth in ¶70 not specifically admitted herein.

71.    On August 13, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,434,223 (the "'223 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." The '223 Patent expired on July 10, 2005.

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 6,434,223 on or about August 13, 2002 and that Ronald

A. Katz is listed as the inventor. In further response, Aquila states that United States Patent No. 6,434,223 is a document that speaks for itself. Aquila denies all factual allegations and legal averments set forth in ¶71 not specifically admitted herein.

72.    On January 28, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,512,415 (the "'415 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Game Control System." The '415 Patent expired on July 10, 2005.

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 6,512,415 on or about January 28, 2003 and that Ronald A. Katz is listed as the inventor. In further response, Aquila states that United States Patent No. 6,512,415 is a document that speaks for itself. Aquila denies all factual allegations and legal averments set forth in ¶72 not specifically admitted herein.

73.    On January 13, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,678,360 (the "'360 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '360 Patent expired on July 10, 2005.

**ANSWER:**

Upon information and belief, Aquila admits that the United States Patent and Trademark Office issued United States Patent No. 6,678,360 on or about January 13, 2004 and that Ronald A. Katz is listed as the inventor. In further response, Aquila states that United States Patent No.

6,678,360 is a document that speaks for itself. Aquila denies all factual allegations and legal averments set forth in ¶73 not specifically admitted herein.

**FIRST CLAIM**
**(PATENT INFRINGEMENT BY AIG DEFENDANTS)**

74.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-73 of this Complaint as if fully set forth herein.

**ANSWER:**

Aquila incorporates and restates its Answers to paragraphs 1-73 above, as if fully set forth herein.

75-81.  **ANSWER TO COUNT I, ¶¶75-81:**

Count I does not purport to state a claim against Aquila and, therefore, no response is required. To the extent a response is deemed to be required, Aquila stated that it is without information sufficient to admit or deny the allegations of ¶¶75-81, and therefore denies the same.

**SECOND CLAIM**
**(PATENT INFRINGEMENT BY NATIONAL CITY DEFENDANTS)**

82.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-73 of this Complaint as if fully set forth herein.

**ANSWER:**

Aquila incorporates and restates its Answers to paragraphs 1-73 above, as if fully set forth herein.

DB02:5580563.1                                                                                              065686.1001

83-89.      **ANSWER TO COUNT II, ¶¶83-89:**

Count II does not purport to state a claim against Aquila and, therefore, no response is required. To the extent a response is deemed to be required, Aquila stated that it is without information sufficient to admit or deny the allegations of ¶¶83-89, and therefore denies the same.

### THIRD CLAIM
### (PATENT INFRINGEMENT BY WILMINGTON TRUST DEFENDANTS)

90.      Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-73 of this Complaint as if fully set forth herein.

**ANSWER:**

Aquila incorporates and restates its Answers to paragraphs 1-73 above, as if fully set forth herein.

91-97.      **ANSWER TO COUNT III, ¶¶91-97:**

Count III does not purport to state a claim against Aquila and, therefore, no response is required. To the extent a response is deemed to be required, Aquila stated that it is without information sufficient to admit or deny the allegations of ¶¶91-97, and therefore denies the same.

### FOURTH CLAIM
### (PATENT INFRINGEMENT BY AQUILA)

98.      Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-73 of this Complaint as if fully set forth herein.

**ANSWER:**

Aquila incorporates and restates its Answers to paragraphs 1-73 above, as if fully set forth herein.

99.    Aquila provides electricity to customers in Missouri, Kansas and Colorado and natural gas to customers in Kansas, Colorado, Nebraska, and Iowa.

**ANSWER:**

Aquila admits the allegations of ¶99.

100.    On information and belief, Aquila uses infringing call processing systems to offer automated customer service to its customers. Using an automated system, in some instances in connection with operators, Aquila enables its customers to access information about their accounts; make payments; report power outages, gas leaks, or emergencies; provide meter readings; start, stop, or transfer service; and perform various other functions.

**ANSWER:**

Aquila admits that it offers automated customer service to its customers, in some instances in connection with operators, to enable its customers to access information about their accounts; make payments; report power outages, gas leaks, or emergencies; provide meter readings; and to start, stop, or transfer service.  Aquila denies all allegations set forth in ¶100 of Plaintiff's Complaint not specifically admitted herein.

101.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, ' 120, '134, '150, '223, '252, '285, '360, '415, '551, '703, '734, '762, '863, '893, '965, '968, and '984 Patents.

**ANSWER:**

Aquila is without information sufficient to admit or deny the allegations of ¶101, and therefore denies them.

102.    On information and belief, in its automated customer service operations described in Paragraph 100 (collectively, the "Accused Aquila Services"), Aquila has been and is now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 101 of this Complaint by making, using, offering to sell, or selling the Accused Aquila Services.

**ANSWER:**

Aquila denies the allegations of ¶102.

103.    On information and belief, Aquila continues to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the ' 120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Aquila Services.

**ANSWER:**

Aquila denies the allegations of ¶103.

104.    Aquila's infringement of the patents identified in Paragraph 101 of this Complaint has been and is willful.

**ANSWER:**

Aquila denies the allegations of ¶104.

DB02:5580563.1                                                                                                        065686.1001

105.   Aquila's infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

**ANSWER:**

Aquila denies the allegations of ¶105.

**FIFTH CLAIM**
**(PATENT INFRINGEMENT BY DHL DEFENDANTS)**

106.   Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-73 of this Complaint as if fully set forth herein.

**ANSWER:**

Aquila incorporates and restates its Answers to paragraphs 1-73 above, as if fully set forth herein.

107-113.    **ANSWER TO COUNT V, ¶¶107-113:**

Count V does not purport to state a claim against Aquila and, therefore, no response is required.  To the extent a response is deemed to be required, Aquila stated that it is without information sufficient to admit or deny the allegations of ¶¶107-113, and therefore denies the same.

**SIXTH CLAIM**
**(PATENT INFRINGEMENT BY CIGNA DEFENDANTS)**

114. Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-73 of this Complaint as if fully set forth herein.

DB02:5580563.1                                                    065686.1001

**ANSWER:**

Aquila incorporates and restates its Answers to paragraphs 1-73 above, as if fully set forth herein.

115-121.     **ANSWER TO COUNT VI, ¶¶115-121:**

Count VI does not purport to state a claim against Aquila and, therefore, no response is required.  To the extent a response is deemed to be required, Aquila stated that it is without information sufficient to admit or deny the allegations of ¶¶115-121, and therefore denies the same.

## PRAYER FOR RELIEF

Aquila denies that Katz Licensing Technology is entitled to any relief whatsoever, including the relief requested by Katz Licensing Technology in ¶¶1-38 of the Prayer for Relief section of the Complaint.

## FURTHER DENIAL

Unless expressly admitted above, Aquila denies all allegations in the Complaint.

## DEFENSES

## FIRST DEFENSE
## (NONINFRINGEMENT)

Aquila has not infringed, is not infringing and will not infringe any claim of the patents-at-issue.

## SECOND DEFENSE
## (INVALIDITY)

Each of the patents-at-issue is invalid under one or more provisions of Title 35 of the United States Code, including for failure to satisfy the conditions for patentability under 35 U.S.C. §§101, 102, 103 and/or failure to comply with 35 U.S.C. §112.

## THIRD DEFENSE
## (UNENFORCEABILITY)

To the extent that discovery establishes grounds for unenforceability, then each of the patents-at-issue is unenforceable by reason of inequitable conduct on other grounds.

## FOURTH DEFENSE
## (LIMITATION ON DAMAGES)

To the extent that discovery establishes that Katz Technology Licensing failed to mark products embodying the patented technology, as required by 35 U.S.C. §287(a), its damages for alleged infringement of the patents-at-issue are limited to those occurring after Aquila was properly notified of the alleged infringement.

## FIFTH DEFENSE
## (TIME LIMITATION ON DAMAGES)

Katz Technology Licensing's hypothetical recovery for alleged infringement for the patents-at-issue is limited to any alleged infringement committed no more than 6 years prior to the filing of the complaint, pursuant to 35 U.S.C. §286.

## SIXTH DEFENSE
## (PATENT MISUSE)

Katz Technology Licensing is misusing the patents-at-issue by, among other things, attempting to extract a royalty based on revenues that are unrelated to the patents-at-issue.

DB02:5580563.1                                                                065686.1001

## SEVENTH DEFENSE
### (ESTOPPEL)

The relief sought in the Complaint is barred under the doctrine of estoppel.

## EIGHTH DEFENSE
### (LACHES)

The relief sought in the Complaint is barred under the doctrine of laches.

## NINTH DEFENSE

Aquila reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case.

DB02:5580563.1

065686.1001

## COUNTERCLAIMS OF AQUILA, INC.

1.      Aquila, Inc. is a Delaware corporation with its principal place of business at 20 West Ninth Street, Kansas City, Missouri 64105.

2.      On information and belief, Ronald A Katz Technology Licensing, L.P. is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

3.      The Court has subject matter jurisdiction under 28 U.S.C. § 1332, 28 U.S.C. § 1338(a), and 28 U.S.C. §§ 2201 and 2202.

4.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1).

5.      There is a justiciable controversy within the meaning of 28 U.S.C. § 2201 between Aquila and Katz Technology Licensing with respect to whether the patents listed in ¶¶54-73 of Katz Technology Licensing, L.P.'s Complaint for Patent Infringement filed on or about September 1, 2006 in the United States District Court for the District of Delaware (the "patents-at-issue") are valid, and further whether Aquila has infringed any of the patents-at-issue and is therefore liable to Katz Technology Licensing.

6.      Each of the claims of the patents-at-issue is invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, and/or 112.

7.      Aquila has not infringed and is not now infringing, either directly or under the doctrine of equivalents, on any of the patents-at-issue.

8.      Aquila has not and is not now inducing or contributing to infringement of any of the claims of the patents-at-issue by others, either directly or under the doctrine of equivalents.

DB02:5580563.1                                                                                                           065686.1001

WHEREFORE, Aquila respectfully requests that this Court enter a judgment on the Complaint granting the relief set forth below:

(a)    a denial of all relief sought by Katz Licensing Technology and that the Complaint be dismissed with prejudice;

(b)    judgment in favor of Aquila and against Katz Licensing Technology that the patents-at-issue are not infringed;

(c)    judgment in favor of Aquila and against Katz Licensing Technology that the claims of the patents-at-issue are invalid;

(d)    an award to remit to Aquila of its costs and attorneys' fees pursuant to 35 U.S.C. §285; and

(e)    such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant Aquila Inc. hereby demands trial by jury on all issues so triable.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Karen E. Keller*
Danielle Gibbs (No. 3698)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
kkeller@ycst.com

Attorneys for Defendant Aquila, Inc.

40

OF COUNSEL:

Juliet A. Cox
Sonnenschein Nath & Rosenthal LLP
4520 Main Street
Suite 1100
Kansas City, MO 64111-7700
Telephone: (816) 460-2400


Dated: October 26, 2006

065686.1001

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on October 26, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

**John M. Seaman, Esquire**
Bouchard, Margules & Friedlander, P.A.
222 Delaware Avenue
Suite 1400
Wilmington, DE 19801

**Philip A. Rovner, Esquire**
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951

**David A. Felice, Esquire**
Cozen O'Connor
Chase Manhattan Centre
1201 North Market St., Suite 1400
Wilmington, DE 19801

**Richard L. Horwitz, Esquire**
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951

**John G. Day, Esquire**
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

**Collins J. Seitz, Jr. Esquire**
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

I further certify that October 26, 2006, I caused a copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Karen E. Keller*
Danielle Gibbs  (#3698)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
kkeller@ycst.com
*Attorneys for Defendant Aquila Inc.*