IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN INTERNATIONAL GROUP, INC. *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 06-547 (GMS) |

**REPLY OF PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P. TO WILMINGTON TRUST COMPANY AND WILMINGTON BROKERAGE SERVICES COMPANY'S COUNTERCLAIMS**

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") replies to the counterclaims of Defendants Wilmington Trust Company and Wilmington Brokerage Services Company (collectively "Wilmington Trust") as follows:

## THE PARTIES

1. Katz Technology Licensing admits that Wilmington Trust alleges in Paragraph 129 of its Answer and Counterclaims that Wilmington Trust Company is a corporation organized under the laws of the State of Delaware having a principal place of business at 1100 North Market Street, Wilmington, Delaware 19890.

2. Katz Technology Licensing admits that Wilmington Trust alleges in Paragraph 129 of its Answer and Counterclaims that Wilmington Brokerage Services Company is a is a corporation organized under the laws of the State of Delaware having a principal place of business at 1100 North Market Street, Wilmington, Delaware 19890.

3. Katz Technology Licensing admits that the Wilmington Trust Defendants refer to themselves in their Answer and Counterclaims as "Wilmington Trust" as alleged in Paragraph 131 of Wilmington Trust's Counterclaims.

4. Katz Technology Licensing admits that it is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069 as alleged in Paragraph 132 of Wilmington Trust's Counterclaims.

## JURISDICTION AND VENUE

5. Katz Technology Licensing admits that (a) this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a); and (b) Wilmington Trust purports to bring its counterclaims for a declaratory judgment pursuant to 28 U.S.C. § 2201, as alleged in Paragraph 133, but denies the viability of that request. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 133 of Wilmington Trust's Counterclaims.

6. Katz Technology Licensing admits that venue is proper in this judicial district pursuant as alleged in Paragraph 134 of Wilmington Trust's Counterclaims.

## COUNT ONE

### (Declaratory Judgment of Invalidity of the Patents-In-Suit)

7. In response to Paragraph 135 of Wilmington Trust's Counterclaims, Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 8 of this Reply as if fully set forth herein.

8. Katz Technology Licensing admits that it is the sole holder of entire right, title, and interest in the patents identified in Paragraph 136 of Wilmington Trust's Counterclaims, referred to herein as the '021, '065, '120, '134, '150, '156, '223, '252, '285, '360, '415, '551, '703, '734, '762, '863, '893, '965, '968, and '984 Patents.

9. Katz Technology Licensing admits that it has alleged that Wilmington Trust is infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of the '065, '120, '134, '150, '223, '252, '285, '360, '551, '734, '863, '893, '965, '968, and '984 Patents. Katz Technology Licensing denies that it has alleged that

2

Wilmington Trust is infringing, actively inducing the infringement of, or contributing to the infringement of the '021, '156, '415, '703 or '762 Patents.

10. Katz Technology Licensing denies the allegations set forth in Paragraph 138 of Wilmington Trust's Counterclaims.

11. Katz Technology Licensing admits that there is an actual controversy between the parties with respect to Wilmington Trust's infringement of the patents identified in Paragraph 93 of Katz Technology Licensing's Complaint. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 139 of Wilmington Trust's Counterclaims.

## COUNT TWO

### (Declaratory Judgment of Non-Infringement of the Patents-In-Suit)

12. In response to Paragraph 140 of Wilmington Trust's Counterclaims, Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 8 of this Reply as if fully set forth herein.

13. Katz Technology Licensing admits that it is the sole holder of entire right, title, and interest in the patents identified in Paragraph 141 of Wilmington Trust's Counterclaims, referred to herein as the '021, '065, '120, '134, '150, '156, '223, '252, '285, '360, '415, '551, '703, '734, '762, '863, '893, '965, '968, and '984 Patents.

14. Katz Technology Licensing admits that it has alleged that Wilmington Trust is infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of the '065, '120, '134, '150, '223, '252, '285, '360, '551, '734, '863, '893, '965, '968, and '984 Patents. Katz Technology Licensing denies that it has alleged that Wilmington Trust is infringing, actively inducing the infringement of, or contributing to the infringement of the '021, '156, '415, '703 or '762 Patents.

15. Katz Technology Licensing denies the allegations set forth in Paragraph 143 of Wilmington Trust's Counterclaims.

16. Katz Technology Licensing denies the allegations set forth in Paragraph 144 of Wilmington Trust's Counterclaims.

3

17. Katz Technology Licensing admits that there is an actual controversy between the parties with respect to Wilmington Trust's infringement of the patents identified in Paragraph 93 of Katz Technology Licensing's Complaint. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 145 of Wilmington Trust's Counterclaims.

### PRAYER FOR RELIEF ON WILMINGTON TRUST'S COUNTERCLAIMS

Katz Technology Licensing respectfully requests that in response to Wilmington Trust's Counterclaims this Court:

1. Dismiss Wilmington Trust's counterclaims with prejudice;

2. Adjudge that Wilmington Trust is not entitled to any relief, including any of the relief requested in Wilmington Trust's prayer for relief; and

3. Award to Katz Technology Licensing the relief requested in its Complaint and such other relief as the Court may deem appropriate and just under the circumstances.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

By _____
Andre G. Bouchard (I.D. No. 2504)
John M. Seaman (I.D. No. 3863)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: 302.573.3500
abouchard@bmf-law.com
jseaman@bmf-law.com

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

HELLER EHRMAN LLP
Robert T. Haslam
Andrew C. Byrnes
275 Middlefield Road
Menlo Park, CA 94025-3506
Telephone: 650.324.7000
robert.haslam@hellerehrman.com
andrew.byrnes@hellerehrman.com

4

Michael K. Plimack
Dale A. Rice
333 Bush Street
San Francisco, CA 94104-2878
Telephone: 415.772.6000
michael.plimack@hellerehrman.com
dale.rice@hellerehrman.com

DATED: November 13, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2006, I electronically filed the foregoing **Reply of Ronald A. Katz Technology Licensing, L.P. to Defendants Wilmington Trust Company and Wilmington Brokerage Services Company's Counterclaims** with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
provner@potteranderson.com

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon, LLP
1313 N. Market St.
Hercules Plaza, 6th Floor
Wilmington, DE 19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Danielle Gibbs
Karen E. Keller
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
dgibbs@ycst.com
kkeller@ycst.com

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
sbalick@ashby-geddes.com
jday@ashby-geddes.com

Sean Bellew
David A. Felice
Cozen O'Connor
Chase Manhattan Centre
1201 North Market St., Suite 1400
Wilmington, DE 19801
sbellew@cozen.com
dfelice@cozen.com

Juliet A. Cox
Curtis E. Woods
Sonnenschein Nath & Rosenthal LLP
4520 Main, Suite 1100
Kansas City, MO 64111
jcox@sonnenschein.com
cwoods@sonnenschein.com

Collins J. Seitz, Jr.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
cseitz@cblh.com

Camille Miller
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
cmiller@cozen.com

BOUCHARD MARGULES & FRIEDLANDER, P.A.

*/s/ John M. Seaman*
Andre G. Bouchard (# 2504)
John M. Seaman (# 3868)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Tel: (302) 573-3508
Fax: (302) 573-3501
E-mail: abouchard@bmf-law.com
E-mail: jseaman@bmf-law.com

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*