**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-547-GMS |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

**ANSWER OF PLAINTIFF RONALD A. KATZ TECHNOLOGY
LICENSING, L.P. TO THE CIGNA DEFENDANTS' COUNTERCLAIMS**

Plaintiff and Counterclaim-Defendant Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") answers to the counterclaims of Defendants and Counterclaim-Plaintiffs CIGNA Corporation, CIGNA Health Corporation, CIGNA HealthCare of Delaware, Inc., Tel-Drug, Inc., and Tel-Drug of Pennsylvania, L.L.C. (collectively the "CIGNA Defendants") and to the factual allegations in the CIGNA defendants affirmative defenses as follows:

**REPLY TO CIGNA'S COUNTERCLAIMS**

**THE PARTIES, JURISDICTION AND VENUE**

1.      On information and belief, CIGNA Corporation is a corporation organized under the laws of the State of Delaware, having its principal place of business at Two Liberty Place, Philadelphia, Pennsylvania 19192.

2.      On information and belief, CIGNA Health Corporation is a corporation organized under the laws of the State of Delaware, having its principal place of business at 900 Cottage Grove Road, Hartford, Connecticut 06152.

3.      Katz Technology Licensing admits that the CIGNA Defendants allege that CIGNA HealthCare of Delaware, Inc. is a corporation organized under the laws of the State of

Delaware, having its principal place of business at 1777 Sentry Park West Gwynedd Hall, Suite 100, Blue Bell, Pennsylvania 19422.

4.      On information and belief, Tel-Drug, Inc., is a corporation organized under the laws of the State of South Dakota, having its principal place of business at 4901 North Fourth Street, Sioux Falls, South Dakota 57104.

5.      On information and belief, Tel-Drug of Pennsylvania, L.L.C. is a corporation organized under the laws of the State of Pennsylvania, having its principal place of business at 206 Welsh Road, Horsham, Pennsylvania 19044.

6.      Katz Technology Licensing admits that it is a limited partnership organized under the laws of the State of California, having a principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

7.      Katz Technology Licensing admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).  Katz Technology Licensing admits that the CIGNA Defendants purport to bring their counterclaims for a declaratory judgment pursuant to 28 U.S.C. 2201, as alleged in Paragraph 7, but denies the viability of that request.

8.      Katz Technology Licensing admits that this Court has personal jurisdiction over Katz Technology Licensing as alleged in Paragraph 8.

9.      Katz Technology Licensing admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) as alleged in Paragraph 9.

## <u>COUNT I</u>

### (For Declaratory Judgment of Non-Infringement)

10.      Katz Technology Licensing realleges and incorporates by reference paragraphs 1 through 9 of this Reply as if fully set forth herein.

11.      Katz Technology Licensing denies all allegations set forth in paragraph 11.

12.     Katz Technology Licensing denies all allegations set forth in paragraph 12.

## COUNT II

### (For Declaratory Judgment of Invalidity)

13.     Katz Technology Licensing realleges and incorporates by reference paragraphs 1 through 12 of this Reply as if fully set forth herein.

14.     Katz Technology Licensing denies all allegations set forth in paragraph 14.

15.     Katz Technology Licensing denies all allegations set forth in paragraph 15.

## COUNT III

### (For Declaratory Judgment of Unenforceability Based on Inequitable Conduct)

16.     Katz Technology Licensing denies all the allegations set forth in paragraph 16.

17.     Katz Technology Licensing denies all the allegations set forth in paragraph 17.

18.     Katz Technology Licensing denies all the allegations set forth in paragraph 18.

### Barger

19.     Katz Technology Licensing admits that on its face, U.S. Patent No. 4,071,698 indicates that it was filed in the United States Patent and Trademark Office ("USPTO") on January 10, 1977.  Katz Technology Licensing admits that, on their faces, the patents listed in Paragraph 19 show that they were filed with the USPTO on the following dates: U.S. Patent No. 5,684,863 (the "'863 patent") filed on June 7, 1995; U.S. Patent No. 5,787,156 (the "'156 patent") filed on September 14, 1994; U.S. Patent No. 5,828,734 (the "'734 patent") filed on October 4, 1993; U.S. Patent No. 5,974,120 (the "'120 patent") filed on June 7, 1995; U.S. Patent No. 6,434,223 (the "'223 patent") filed on May 17, 1999; U.S. Patent No. 5,251,252

(the "'252 patent") filed on October 21, 1991; U.S. Patent No. 5,128,984 (the "'984 patent") filed on October 23, 1989; U.S. Patent No. 4,930,150 (the "'150 patent") filed on October 20, 1988; U.S. Patent No. 5,351,285 (the "'285 patent") filed on April 13, 1993; U.S. Patent No. 5,917,893 (the "'893 patent") filed on June 7, 1995; U.S. Patent No. 5,815,551 (the "'551 patent") filed on June 7, 1995; U.S. Patent No. 6,148,065 (the "'065 patent") filed on January 13, 1998; U.S. Patent No. 6,678,360 (the "'360 patent") filed on August 25, 2000; U.S. Patent No. 5,898,762 (the "'762 patent") filed on June 6, 1995; U.S. Patent No. 6,349,134 (the "'134 patent") filed on June 7, 1995; and U.S. Patent No. 6,335,965 (the "'965 patent") filed on September 14, 1994. Katz Technology Licensing further admits that each of these patents claims priority to other earlier-filed patents and/or patent applications. The term "earliest possible effective filing date" as used in the CIGNA Defendants' allegation is so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies the allegation. Further, to the extent that this term is intended to allege legal effectiveness, this is a legal conclusion that requires no further response. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 19.

20.     Katz Technology Licensing admits that U.S. Patent No. 4,071,698 was cited in a Supplementary European Search Report dated December 27, 1988 as part of the prosecution of PCT Application No. WO 87/00375. Katz Technology Licensing admits that the Supplementary European Search Report identified U.S. Patent No. 4,071,698 as a "category x" document. Katz Technology Licensing further admits that Mr. Graham Coles was sent a copy of a Supplementary European Search Report, dated December 27, 1988, that cited the Barger Patent; and that Mr. Coles sent a copy of the search report to Byard Nilsson in January 1989. To the extent that the allegations relate to the contents of the search report, Katz Technology Licensing responds that the report speaks for itself and no further response is required. Katz Technology Licensing Katz Technology Licensing denies all remaining allegations set forth in paragraph 20.

21.     Katz Technology Licensing admits that First Data Resources, Inc. acquired U.S. Patent No. 4,071,698 and that Katz Technology Licensing now is the owner of U.S. Patent No. 4,071,698 by way of an assignment from First Data Resources, Inc. executed September 17, 1994.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 21.

22.     Katz Technology Licensing admits that U.S. Patent No. 4,071,698 was not disclosed during the prosecution of the '739, '929, '984, '252 and '150 patents.  Katz Technology Licensing denies that U.S. Patent No. 4,071,698 was not disclosed during the prosecution of the '309, '285 or '965 patents.   Katz Technology Licensing denies all remaining allegations set forth in paragraph 22.

23.     Katz Technology Licensing lacks sufficient information and knowledge to respond to the allegations in Paragraph 23 and therefore denies them.

24.     The term "material" in the first sentence of Paragraph 24 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent this term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required.  As to the remaining allegations in Paragraph 24 relating to the system allegedly disclosed by the Barger patent, U.S. Patent No. 4,071,698 speaks for itself and no further response is required.

25.     Katz Technology Licensing denies that the USPTO rejected sixteen claims of the '707 patent under 35 U.S.C. § 102(b) as being anticipated by the Barger reference.  Katz Technology Licensing admits that the Final Office Action in Ex Parte Reexamination (Application Control Nos. 90/000,974 and 90/006,978), dated September 29, 2006, states: "Claims 9, 22, 23, 137, 141, 144-46, 150, 151, 154, 156, and 167 are rejected under 35 U.S.C. 102(b) as being anticipated by US 4,071,698."  Katz Technology Licensing further admits that the USPTO withdrew its non-final rejection of Claims 12, 24 and 25 of the '707 patent over Barger as part of its Final Office Action.  Katz Technology Licensing denies all remaining allegations set forth in paragraph 25.

26.     The terms "duty of candor and fair dealing," "duty to disclose," and "material information" are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies the allegations set forth in Paragraph 26.  Further, to the extent these terms are intended to allege legal duties and legal materiality, the allegations constitute legal conclusion to which no response is required.

27.     The terms "duty of candor and fair dealing," "duty to disclose," and "material information" are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies the allegations set forth in Paragraph 27.  Further, to the extent these terms are intended to allege legal duties and legal materiality, the allegations constitute legal conclusion to which no response is required.

28.     Katz Technology Licensing denies all of the allegations set forth in Paragraph 28.

29.     Katz Technology Licensing denies all of the allegations set forth in Paragraph 29.

30.     Katz Technology Licensing denies all of the allegations set forth in Paragraph 30.

31.     Katz Technology Licensing admits that the '863 patent claims priority to other patents and applications that include the '739 patent.  The allegations of Paragraph 31 relate to the contents of the cited patents; Katz Technology Licensing responds that the patents speak for themselves and no further response is required.  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 31.

32.     Katz Technology Licensing admits that the '893, '551, ''065, '360, '762 and '134 patents claim priority from other patents and applications that include the '739 patent. Katz Technology Licensing further admits that terminal disclaimers were filed as part of the prosecution of the '893, '551, '065, '360, '762 and '134 patents.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 42.

33.      Katz Technology Licensing admits that the '734, '223 and '120 patents claim priority from other patents and applications that include the '984, '929 and '739 patents. The allegations of Paragraph 33 relate to the contents of the cited patents; Katz Technology Licensing responds that the patents speak for themselves and no further response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 33.

34.      Katz Technology Licensing denies all of the allegations set forth in Paragraph 34.

### DeBruyn

35.      Katz Technology Licensing admits that the European Patent Office published European Patent Specification EP0032410A1 on July 22, 1981 and that the Canadian Patent Office issued Canadian Patent No. 1,162,336 on February 14, 1984 (each sometimes referred to as the "Debruyn reference"). Katz Technology Licensing admits that, on their faces, the patents listed in Paragraph 35 show that they were filed with the USPTO on the following dates: the '863 patent filed on June 7, 1995; the '156 patent filed on September 14, 1994; the '734 patent filed on October 4, 1993; the '120 patent filed on June 7, 1995; the '223 patent filed on May 17, 1999; the '252 patent filed on October 21, 1991; the '984 patent filed on October 23, 1989; the '150 patent filed on October 20, 1988; the '285 patent filed on April 13, 1993; the '893 patent filed on June 7, 1995; the '551 patent filed on June 7, 1995; the '065 patent filed on January 13, 1998; the '360 patent filed on August 25, 2000; the '762 patent filed on June 6, 1995; the '134 patent filed on June 7, 1995; and the '965 patent filed on September 14, 1994. Katz Technology Licensing further admits that each of these patents claims priority to other earlier-filed patents and patent applications. The terms "published" and "earliest possible effective filing date" as used in the CIGNA Defendants' allegations are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies the allegation. Further, to the extent that these terms are intended to allege legal publication or effectiveness, these are legal conclusions that require no further response. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 35.

36.     Katz Technology Licensing admits that the DeBruyn patent, European Patent No. 0032410, was cited in a Supplementary European Search Report dated December 27, 1988 as part of the prosecution of PCT Application No. WO 87/00375.  Katz Technology Licensing admits that the search report identified European Patent 0032410 as a "category x" document.  Katz Technology Licensing further admits that a copy of the search report was sent to Mr. Graham F. Coles.  Katz Technology Licensing admits that Mr. Coles sent a copy of the search report to Byard Nilsson in January 1989.  To the extent that the allegations in Paragraph 36 relate to the contents of the search report, Katz Technology Licensing responds that the report speaks for itself and no further response is required.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 36.

37.     Katz Technology Licensing admits that the Supplementary European Search Report, dated December 27, 1988, was sent to Byard Nilsson in January 1989.  Katz Technology Licensing further admits that Byard Nilsson was involved in prosecuting certain of Mr. Katz's patent applications that ultimately issued as certain of the patents being asserted against the CIGNA Defendants.  Katz Technology Licensing admits that, on their faces, the patents listed in Paragraph 37 show that they were filed with the USPTO and then subsequently issued on the following dates: the '739 patent filed on May 16, 1988 and issued on July 7, 1989; the '929 patent filed on February 21, 1989 and issued on December 17, 1991; the '309 patent filed on December 3, 1991 and issued on October 19, 1993; the '984 patent filed on October 23, 1989 and issued on July 7, 1992; the '252 patent filed on October 21, 1991 and issued on October 5, 1993; the '150 patent filed on October 20, 1988 and issued on May 29, 1990; and the '285 patent filed on April 13, 1993 and issued on September 27, 1994.  Katz Technology Licensing further admits that each of these patents claims priority to other earlier-filed patents and patent applications.  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 37.

38.     Katz Technology Licensing admits that European Patent No. 0032410 was not disclosed during the prosecution of the '150, '075, '739, '929, '984, '309 and '252 patents.

Katz Technology Licensing denies that European Patent No. 0032410 was not disclosed during the prosecution of the '285 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 38.

      39.    Katz Technology Licensing lacks sufficient information and knowledge to respond to the allegations in Paragraph 39 and therefore denies them.

      40.    The term "material" in the first sentence of Paragraph 40 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent this term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required.  As to the remaining allegations in Paragraph 40 relating to the system allegedly disclosed by European Patent No. 0032410, that document speaks for itself and no further response is required.

      41.    Katz Technology Licensing denies that the USPTO rejected over seventy claims of the '707 patent under 35 U.S.C. § 102(b) as being anticipated by Canadian Patent No. 1,162,336.  Katz Technology Licensing admits that the Final Office Action in Ex Parte Reexamination (Application Control Nos. 90/000,974 and 90/006,978), dated September 29, 2006, states: "Claims 9, 18, 19, 22, 23, 26, 32-34, 96-102, 106-108, 115, 119-123, 131, 132, 135, 137, 141-147, 150, 151, 153, 165, 166, 183-190, 196-200, 202, and 203 are rejected under 35 U.S.C. 102(b) as being anticipated by Canadian Patent No. 1,162,336, De Bruyn."  Katz Technology Licensing further admits that the USPTO withdrew its non-final rejection of Claims 69, 84-86 and 88-93 of the '707 patent over Barger as part of its Final Office Action.  Katz Technology Licensing denies all remaining allegations set forth in paragraph 41.

      42.    Katz Technology Licensing admits that the Supplementary European Search Report, dated December 27, 1988, was sent to Byard Nilsson in January 1989.  Katz Technology Licensing further admits that Byard Nilsson was involved in prosecuting certain of Mr. Katz's patent applications that ultimately issued as certain of the patents being asserted against the CIGNA Defendants.  Katz Technology Licensing admits that, on its face, the '575

patent shows that it was filed with the USPTO on September 19, 1991 and then subsequently issued on November 15, 1994. Katz Technology Licensing further admits that the '575 patent claims priority to other earlier-filed patents and patent applications. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 42.

43.     Katz Technology Licensing denies that the DeBruyn reference was not disclosed to the USPTO as part of the prosecution of the '575 patent. Katz Technology Licensing admits that the DeBruyn reference was disclosed to the PTO as part of the prosecution of the '575 patent on September 16, 1994. Katz Technology Licensing lacks sufficient information or knowledge to respond to the allegations in the last two sentences of Paragraph 43 relating to materials considered by the USPTO and on that basis denies them. Katz Technology Licensing admits that it did not petition the USPTO to defer issuance of the patent or to withdraw it from issue. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 43.

44.     The term "material" in the first sentence of Paragraph 44 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent this term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. As to the remaining allegations in Paragraph 44 relating to the system allegedly disclosed by the DeBruyn reference, European Patent No. 0032410, that document speaks for itself and no further response is required.

45.     The terms "duty of candor and fair dealing," "duty to disclose," and "material information" are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies the allegations set forth in Paragraph 45. Further, to the extent these terms are intended to allege legal duties and legal materiality, the allegations constitute legal conclusion to which no response is required.

46.     The terms "duty of candor and fair dealing," "duty to disclose," and "material information" are so vague and uncertain that Katz Technology Licensing lacks

10

sufficient information and knowledge to respond and therefore denies the allegations set forth in

Paragraph 46.  Further, to the extent these terms are intended to allege legal duties and legal

materiality, the allegations constitute legal conclusion to which no response is required.

47.    Katz Technology Licensing denies all of the allegations set forth in

Paragraph 47.

48.    Katz Technology Licensing denies all of the allegations set forth in

Paragraph 48.

49.    Katz Technology Licensing denies all of the allegations set forth in

Paragraph 49.

50.    Katz Technology Licensing admits that the '863 patent claims priority to

other patents and applications that include the '739 patent.  The allegations of Paragraph 50

relate to the contents of the cited patents; Katz Technology Licensing responds that the patents

speak for themselves and no further response is required.  Katz Technology Licensing denies any

remaining allegations set forth in Paragraph 50.

51.    Katz Technology Licensing admits that the '893, '551, ''065, '360, '762

and '134 patents claim priority from other patents and applications that include the '739 patent.

Katz Technology Licensing further admits that terminal disclaimers were filed as part of the

prosecution of the '893, '551, '065, '360, '762 and '134 patents.  Katz Technology Licensing

denies all remaining allegations set forth in Paragraph 51.

52.    Katz Technology Licensing admits that the '734, '223 and '120 patents

claim priority from other patents and applications that include the '984, '929 and '739 patents.

The allegations of Paragraph 52 relate to the contents of the cited patents; Katz Technology

Licensing responds that the patents speak for themselves and no further response is required.

Katz Technology Licensing denies any remaining allegations set forth in Paragraph 52.

53.    Katz Technology Licensing admits that the '156 patent claims priority to

other patents and applications that include the '575 patent.  The allegations of Paragraph 53

relate to the contents of the cited patents; Katz Technology Licensing responds that the patents

speak for themselves and no further response is required.  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 53.

54.     Katz Technology Licensing denies all of the allegations set forth in Paragraph 54.

### Yoshizawa

55.     Katz Technology Licensing admits that an article titled "Voice Response System for Telephone Betting" by Yoshizawa, et al. (the "Yoshizawa article") appeared in a 1977 issue of Hitachi Review.  Katz Technology Licensing admits that, on their faces, the patents listed in Paragraph 55 show that they were filed with the USPTO on the following dates: the '863 patent filed on June 7, 1995; the '156 patent filed on September 14, 1994; the '734 patent filed on October 4, 1993; the '120 patent filed on June 7, 1995; the '223 patent filed on May 17, 1999; the '252 patent filed on October 21, 1991; and the '984 patent filed on October 23, 1989.  Katz Technology Licensing further admits that each of these patents claims priority to other earlier-filed patents and patent applications.  The terms "published" and "earliest possible effective filing date" as used in the CIGNA Defendants' allegations are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies the allegation.  Further, to the extent that these terms are intended to allege legal publication or effectiveness, these are legal conclusions that require no further response.  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 55.

56.     The term "material" in Paragraph 56 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent this term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required.  Katz Technology Licensing admits that the '156 patent claims priority to other patents and applications that include the '575 patent.  To the extent the allegations of Paragraph 56 relate to the contents of the cited patents; Katz Technology Licensing responds that the patents speak for

themselves and no further response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 56.

57.     Katz Technology Licensing admits that the Yoshizawa article was cited in a September 2, 1992 interrogatory response in the *First Data Resources Inc. v. West Interactive Corp.*, Civil Action No. 91-4471-TJH (C.D. Cal.) litigation. Katz Technology Licensing admits that, on its face, the '575 patent shows that it was filed with the USPTO on September 9, 1991 and subsequently issued on November 15, 1994. Katz Technology Licensing denies all remaining allegations set forth in paragraph 57.

58.     Katz Technology Licensing admits that the Yoshizawa article was cited in a September 2, 1992 interrogatory response in the *First Data Resources Inc. v. West Interactive Corp.*, Civil Action No. 91-4471-TJH (C.D. Cal.) litigation. Katz Technology Licensing denies all remaining allegations set forth in paragraph 58.

59.     Katz Technology Licensing denies that the Yoshizawa article was not disclosed to the USPTO as part of the prosecution of the '575 patent. Katz Technology Licensing admits that the Yoshizawa article was disclosed to the PTO as part of the prosecution of the '575 patent on September 16, 1994. Katz Technology Licensing lacks sufficient information or knowledge to respond to the allegations in the last two sentences of Paragraph 59 relating to materials considered by the USPTO and on that basis denies them. Katz Technology Licensing admits that it did not petition the USPTO to defer issuance of the patent or to withdraw it from issue. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 59.

60.     The term "material" in the first sentence of Paragraph 60 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent this term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. As to the remaining allegations in Paragraph 60 relating to the system allegedly disclosed by the Yoshizawa article, the article speaks for itself and no further response is required.

61.     The terms "duty of candor and fair dealing," "duty to disclose," and "material information" are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies the allegations set forth in Paragraph 61.  Further, to the extent these terms are intended to allege legal duties and legal materiality, the allegations constitute legal conclusion to which no response is required.

62.     The terms "duty of candor and fair dealing," "duty to disclose," and "material information" are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies the allegations set forth in Paragraph 62.  Further, to the extent these terms are intended to allege legal duties and legal materiality, the allegations constitute legal conclusion to which no response is required.

63.     Katz Technology Licensing denies all of the allegations set forth in Paragraph 63.

64.     Katz Technology Licensing denies all of the allegations set forth in Paragraph 64.

65.     Katz Technology Licensing denies all of the allegations set forth in Paragraph 65.

66.     Katz Technology Licensing admits that the '156 patent claims priority to other patents and applications that include the '575 patent.  The allegations of Paragraph 66 relate to the contents of the cited patents; Katz Technology Licensing responds that the patents speak for themselves and no further response is required.  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 66.

67.     Katz Technology Licensing denies all allegations set forth in paragraph 67.

**Florafax**

68.     Katz Technology Licensing admits that a document dated January 22, 1986 that indicates that it was distributed by Florafax exists (the "Florafax brochure").  Katz Technology Licensing admits that, on their faces, the patents listed in Paragraph 68 show that they were filed with the USPTO on the following dates: the '863 patent filed on June 7, 1995; the '156 patent filed on September 14, 1994; the '734 patent filed on October 4, 1993; the '120 patent filed on June 7, 1995; the '223 patent filed on May 17, 1999; the '252 patent filed on October 21, 1991; and the '984 patent filed on October 23, 1989.  Katz Technology Licensing further admits that each of these patents claims priority to other earlier-filed patents and patent applications.  To the extent that the allegations of Paragraph 68 relate to the contents of these patents, the patents speak for themselves and no further response is required.  The terms "offer to sell" and "earliest possible effective filing date" as used in the CIGNA Defendants' allegations are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies the allegation.  Further, to the extent that these terms are intended to allege a legal offer to sell or legal effectiveness, these are legal conclusions that require no further response.  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 68.

69.     The term "material" in Paragraph 69 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent this term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required.  Katz Technology Licensing admits that the '156 patent claims priority to other patents and applications that include the '575 patent.  To the extent the allegations of Paragraph 69 relate to the contents of the cited patents; Katz Technology Licensing responds that the patents speak for themselves and no further response is required.  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 69.

70.     Katz Technology Licensing admits that the Florafax brochure was produced in connection with *First Data Resources Inc. v. West Interactive Corp.*, Civil Action No. 91-4471 -TJH (C.D. Cal.).  Katz Technology Licensing lacks sufficient information or knowledge to respond to the remaining allegations in Paragraph 70 and on that basis denies them.

71.     Katz Technology Licensing admits that the Florafax brochure was produced in connection with *First Data Resources Inc. v. West Interactive Corp.*, Civil Action No. 91-4471 -TJH (C.D. Cal.).  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 71.

72.     Katz Technology Licensing denies that the Florafax brochure was not disclosed to the USPTO as part of the prosecution of the '575 patent.  Katz Technology Licensing admits that the Florafax brochure was disclosed to the USPTO as part of the prosecution of the '575 patent on September 16, 1994.  Katz Technology Licensing lacks sufficient information or knowledge to respond to the allegations in the last two sentences of Paragraph 59 relating to materials considered by the USPTO and on that basis denies them.  Katz Technology Licensing admits that it did not petition the USPTO to defer issuance of the patent or to withdraw it from issue.  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 72.

73.     The term "material" in the first sentence of Paragraph 73 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent this term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required.  As to the remaining allegations in Paragraph 73 relating to the system allegedly disclosed by the Florafax brochure, the brochure speaks for itself and no further response is required.

74.     The terms "duty of candor and fair dealing," "duty to disclose," and "material information" are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies the allegations set forth in

Paragraph 74.  Further, to the extent these terms are intended to allege legal duties and legal materiality, the allegations constitute legal conclusion to which no response is required.

75.     The terms "duty of candor and fair dealing," "duty to disclose," and "material information" are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies the allegations set forth in Paragraph 75.  Further, to the extent these terms are intended to allege legal duties and legal materiality, the allegations constitute legal conclusion to which no response is required.

76.     Katz Technology Licensing denies all of the allegations set forth in Paragraph 76.

77.     Katz Technology Licensing denies all of the allegations set forth in Paragraph 77.

78.     Katz Technology Licensing denies all of the allegations set forth in Paragraph 78.

79.     Katz Technology Licensing admits that the '156 patent claims priority to other patents and applications that include the '575 patent.  The allegations of Paragraph 79 relate to the contents of the cited patents; Katz Technology Licensing responds that the patents speak for themselves and no further response is required.  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 79.

80.     Katz Technology Licensing denies all allegations set forth in paragraph 80.

### Periphonics References

81.     Katz Technology Licensing lacks information and knowledge to answer the allegation that materials bearing Bates numbers W72807-W73756 were provided to Harold Wurst, Esq. of Nilsson, Wurst & Green in connection with *First Data Resources Inc. v. West Interactive Corp.*, CV 91-4471 TJH (C.D. Cal.) (the "*West*" case) and therefore denies it.  Katz Technology Licensing admits that Byard Nilsson and Reena Kuyper, who were at one time affiliated with the Nilsson, Wurst & Green law firm, were involved in prosecuting certain of Mr.

17

Katz's patent applications that ultimately issued as certain of the patents being asserted in this action. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 81.

82. Katz Technology Licensing admits that the application for the '965 patent stated: "During the litigation of [the *West* case], a voluminous quantity of prior art, that is, some 500 items (including single or plural related documents grouped together), were identified by the defendant. However, during pretrial procedures, the defendant distilled the applied art to 59 separate items (including single or plural related documents)." U.S. Patent Application 08/306,456, Paper no. 3, filed November 4, 1994. Katz Technology Licensing further admits that the application also stated: "The voluminous quantity of art identified during litigation, excluding the 59 items (Set I), is listed on the second set of forms PTO-1449 (Supplemental I)." Paper no. 3, filed November 4, 1994. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 82.

83. The allegations in Paragraph 83 relate to statements made in certain patent applications; Katz Technology Licensing responds that the applications speak for themselves and no further response is required. Further, the allegations set forth in the second sentence of Paragraph 83 are so vague and uncertain that Katz Technology Licensing cannot respond to them and therefore denies any remaining allegations.

84. In response to the allegations in Paragraph 84, Katz Technology Licensing incorporates its responses to Paragraphs 82 and 83. Katz Technology Licensing further responds that it lacks information and knowledge to allow it to answer any remaining allegations and therefore denies them.

85. Katz Technology Licensing responds that it lacks information and knowledge to allow it to answer the allegations in Paragraph 85 and therefore denies them.

86. Katz Technology Licensing responds that it lacks information and knowledge to allow it to answer the allegations in Paragraph 86 and therefore denies them.

87. The term "highly relevant" in the first sentence of Paragraph 87 is so vague and ambiguous that Katz Technology Licensing lacks sufficient information and

knowledge to respond and on that basis denies the allegations.  Further, to the extent this term is intended to allege legal relevance, the allegation constitutes a legal conclusion to which no response is required.  As to the remaining allegations in Paragraph 87 relating to the "limitations of claims" allegedly described in the cited references, the documents speak for themselves and no further response is required.

88.    Katz Technology Licensing responds that it lacks information and knowledge to allow it to answer the allegations in Paragraph 88 and therefore denies them.

### Katz PCT Application

89.    Katz Technology Licensing admits that PCT Application No. WO 87/00375 was not disclosed to the USPTO as part of the prosecution of the '739 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 89.

90.    Katz Technology Licensing admits that PCT Application No. WO 87/00375 was published on January 15, 1987.  The remaining allegations in Paragraph 90 constitute legal conclusions to which no response is required.

91.    Katz Technology Licensing admits that the application that led to the '739 patent was filed on May 16, 1998.  Katz Technology Licensing further admits that PCT Application No. WO 87/00375 was published on January 15, 1987.  Katz Technology Licensing admits that May 16, 1988 is more than a year after January 15, 1987.  Katz Technology Licensing denies any remaining allegations in Paragraph 91.

92.    The allegations in Paragraph 92 constitute legal conclusions to which no response is required.

93.    The terms "material" and "basic elements" in Paragraph 93 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations.  Further, to the extent the term material is intended to allege legal materiality, the allegations constitute legal conclusions to which no response is required.  The allegations of Paragraph 93 relate to the contents of PCT Application No. WO 87/00375; Katz Technology Licensing responds that the application speaks for itself

and no further response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 93.

94.    The terms "materiality" and "prior art effect" in Paragraph 94 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations. Further, to the extent the terms are intended to allege legal materiality or the legal effect of the alleged prior art, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing admits that the patent applicant had knowledge of PCT Application No. WO 87/00375 during prosecution of the '739 patent. Katz Technology Licensing admits that PCT Application No. WO 87/00375 was not disclosed to the USPTO as part of the prosecution of the '739 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 94.

95.    The term "relevant" as used in Paragraph 95 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations. Further, to the extent the term is intended to allege legal relevance, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing admits that the patents asserted against the CIGNA Defendants in this action claim priority from other patents and applications which, depending upon the asserted patent, may include the '739 patent. Katz Technology denies all remaining allegations set forth in Paragraph 95.

96.    The term "interrelatedness" in Paragraph 96 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations. Further, to the extent the term is intended to allege a legal relationship, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing admits that terminal disclaimers were filed as part of the prosecution of the '893, '863, '551, '065, '360, '762 and '134 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 96.

97.     Katz Technology Licensing denies all of the allegations set forth in Paragraph 97.

**Alleged False and Misleading Statements**

98.     Katz Technology Licensing denies all allegations set forth in Paragraph 98.

99.     Katz Technology Licensing admits during prosecution of the '984 patent, the examiner rejected application claim 10 under 35 U.S.C. § 103 "as being unpatentable over Fodale in combination with the teachings of WO 87/00375 ('375)." Katz Technology Licensing further admits that the patent applicant stated during prosecution of the '984 patent, [t]he Katz reference (R), International Publication No. WO 87/00375 coincides to the parent of U.S. Patent 4,792,968. In that regard, as now recited in the specification, the present application is a continuation-in-part of Serial No. 312,792; which is a continuation-in-part of Serial No. 194,258 (now patent 4,845,739); which is a continuation-in-part of Serial No. 018,244 (now patent 4,792,968); which is a continuation-in-part of Serial No. 753,299 which is the equivalent of the reference. Accordingly, the international application is not properly a reference against the present case." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 99.

100.     Katz Technology Licensing denies all allegations set forth in Paragraph 100.

101.     Katz Technology Licensing denies all allegations set forth in Paragraph 101.

102.     Katz Technology Licensing admits that the '734 patent is a continuation of the '252 patent, which is a continuation of the '984 patent. Katz Technology Licensing further admits that during prosecution of the '984 patent, the patent applicant stated that the "Katz reference (R), International Publication No. WO 87/00375 coincides to the parent of U.S. Patent 4,792,968. In that regard, as now recited in the specification, the present application is a continuation-in-part of Serial No. 312,792; which is a continuation-in-part of Serial No. 194,258

21

(now patent 4,845,739); which is a continuation-in-part of Serial No. 018,244 (now patent 4,792,968); which is a continuation-in-part of Serial No. 753,299 which is the equivalent of the reference.  Accordingly, the international application is not properly a reference against the present case."  Katz Technology Licensing admits that PCT Application No. WO 87/00375 was published more than one year prior to the actual filing date of the '734 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 102.

103.    Katz Technology Licensing denies all allegations set forth in Paragraph 103.

104.    Katz Technology Licensing admits that in an Amendment filed January 31, 1996 as part of the prosecution of the '734 patent, the patent applicant stated, "[a]lthough it is questionable whether the Brown patent even qualifies as prior art, Applicant in the interest of being candid, is bringing it to the Examiner's attention.  The Brown patent has an issue date of November 20, 1990, and a filing date of September 20, 1989.  It should be noted that the present application ultimately claims priority from Applicant's parent patent U.S. Patent No. 4,930,150, which predates the Brown patent with respect to disclosure of alternate access possibilities (*e.g.*, '800' or '900')."  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 104.

105.    The allegations in Paragraph 105 relate to the contents of certain patents; Katz Technology Licensing responds that the patents speak for themselves and no further response is required.  To the extent that Paragraph 105 intends to allege a legal conclusion regarding the patents and their contents, no further response is required.  Katz Technology Licensing denies all allegations set forth in Paragraph 105.

106.    Paragraph 106 is an alleged legal conclusion to which no response is required.

107.    Katz Technology Licensing denies all allegations set forth in Paragraph 107.

108.    Katz Technology Licensing admits that the '120 and '223 patents claim priority from other patents and applications that include the '734 patent.  Katz Technology Licensing further admits that terminal disclaimers were filed as part of the prosecution of the '734, '120, and '223 patents.  To the extent the allegations relate to the contents of the cited patents, Katz Technology Licensing responds that the patents speak for themselves and no further response is required.  Katz Technology Licensing denies all remaining allegations in Paragraph 108.

109.    Katz Technology Licensing admits that in a Supplemental Amendment filed March 14, 1995 as part of the prosecution of the '734 patent, the patent applicant stated, "[t]he reference by Hester bears a date of 1985, apparently 'September'.  In that regard, it is noteworthy that the present application is related to a parent case filed July 10, 1985."  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 109.

110.    Katz Technology Licensing admits that in a Supplemental Amendment filed March 14, 1995 as part of the prosecution of the '734 patent, the patent applicant stated "U.S. Patent No. 4,797,913 (Kaplan et al.) is directed to a telephonic vending system involving the use of (ANI) information for qualification (column 2, line 50).  However, it should be noted that in that regard, the present application is entitled to a priority date earlier than that of the subject reference."  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 110.

111.    Katz Technology Licensing admits that terminal disclaimers were filed as part of the prosecution of the '734, '120, and '223 patents.  To the extent the allegations relate to the contents of the cited patents, Katz Technology Licensing responds that the patents speak for themselves and no further response is required.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 111.

**REPLY TO CIGNA'S TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The factual allegations contained in the CIGNA defendants' counterclaims are also contained in the CIGNA defendants twenty-sixth affirmative defense.  Katz Technology

Licensing responds to Paragraphs 26-121 of the CIGNA defendants' affirmative defenses by incorporating by reference as if fully contained herein its response to Paragraphs 16-111 of the CIGNA defendants' counterclaims.

### PRAYER FOR RELIEF ON THE CIGNA DEFENDANTS' COUNTERCLAIMS

Katz Technology Licensing respectfully requests that, in response to the CIGNA Defendants' Counterclaims, this Court:

1.      Dismiss the CIGNA Defendants' Counterclaims with prejudice;

2.      Adjudge that the CIGNA Defendants are not entitled to any relief, including any of the relief requested in the CIGNA Defendants' prayer for relief; and

3.      Award to Katz Technology Licensing the relief requested in its Complaint and such other relief as the Court may deem appropriate and just under the circumstances.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

By  */s/ John M. Seaman*
Andre G. Bouchard (I.D. No. 2504)
John M. Seaman (I.D. No. 3863)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: 302.573.3500
abouchard@bmf-law.com
jseaman@bmf-law.com

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

HELLER EHRMAN LLP
Robert T. Haslam
Andrew C. Byrnes
275 Middlefield Road
Menlo Park, CA 94025-3506
Telephone: 650.324.7000
robert.haslam@hellerehrman.com
andrew.byrnes@hellerehrman.com

Michael K. Plimack
Dale A. Rice
333 Bush Street
San Francisco, CA  94104-2878
Telephone: 415.772.6000
michael.plimack@hellerehrman.com
dale.rice@hellerehrman.com

DATED: November 20, 2006

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 20, 2006, I electronically filed the foregoing

**Reply of Ronald A. Katz Technology Licensing, L.P. to the CIGNA Defendants'**

**Counterclaims** with the Clerk of Court using CM/ECF, which will send notification of

such filing to the following:

| | |
|---|---|
| Philip A. Rovner<br>Potter Anderson & Corroon LLP<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>Wilmington, DE 19801<br>provner@potteranderson.com | Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon, LLP<br>1313 N. Market St.<br>Hercules Plaza, 6th Floor<br>Wilmington, DE 19801<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| Danielle Gibbs<br>Karen E. Keller<br>Young, Conaway, Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>dgibbs@ycst.com<br>kkeller@ycst.com | Steven J. Balick<br>John G. Day<br>Ashby & Geddes<br>222 Delaware Avenue, 17th Floor<br>Wilmington, DE 19801<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com |
| Sean Bellew<br>David A. Felice<br>Cozen O'Connor<br>Chase Manhattan Centre<br>1201 North Market St., Suite 1400<br>Wilmington, DE 19801<br>sbellew@cozen.com<br>dfelice@cozen.com | Juliet A. Cox<br>Curtis E. Woods<br>Sonnenschein Nath & Rosenthal LLP<br>4520 Main, Suite 1100<br>Kansas City, MO 64111<br>jcox@sonnenschein.com<br>cwoods@sonnenschein.com |
| Collins J. Seitz, Jr.<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street<br>Wilmington, DE 19801<br>cseitz@cblh.com | Camille Miller<br>Cozen O'Connor<br>1900 Market Street<br>Philadelphia, PA 19103<br>cmiller@cozen.com |

{BMF-W0031966.}

Daniel J. Thomasch
Alex V. Chachkes
Orrick Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, New York 10103
dthomasch@orrick.com
achackes@orrick.com


BOUCHARD MARGULES & FRIEDLANDER, P.A.

_____/s/ John M. Seaman_____
Andre G. Bouchard (# 2504)
John M. Seaman (# 3868)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Tel:  (302) 573-3508
Fax:  (302) 573-3501
E-mail: abouchard@bmf-law.com
E-mail: jseaman@bmf-law.com

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*