## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-547-GMS |
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*, | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## REPLY OF PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P. TO THE AIG COUNTERCLAIM PLAINTIFFS' COUNTERCLAIMS

Plaintiff and Counterclaim-Defendant Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") replies to the Counterclaims of Defendants and Counterclaim-Plaintiffs American International Group, Inc.; AIG Retirement Services, Inc.; 21st Century Insurance Group; AIG Marketing, Inc.; AIG SunAmerica Asset Management Corp.; AIG Federal Savings Bank; and AIG Life Insurance Company (collectively, "the AIG Counterclaim-Plaintiffs") and to the factual allegations in the Affirmative Defenses of the AIG Counterclaim-Plaintiffs and 21st Century Insurance Company; 21st Century Casualty Company; AIG Annuity Insurance Company; The United States Life Insurance Company in the City of New York; American General Assurance Company; American General Indemnity Company; American General Life and Accident Insurance Company; American General Life Insurance Company; The Variable Annuity Life Insurance Company; VALIC Financial Advisors, Inc.; and VALIC Retirement Services Company as follows (together, "the AIG Defendants"):

### REPLY TO THE AIG COUNTERCLAIM-PLAINTIFFS' COUNTERCLAIMS

1.    On information and belief, AIG International Group, Inc. is a Delaware corporation with a place of business at 70 Pine Street, New York, New York 10270.

2.      On information and belief, AIG Retirement Services, Inc. is a Delaware corporation with a place of business at One SunAmerica Center, Los Angeles, California 90067.

3.      On information and belief, 21st Century Insurance Group is a Delaware corporation with a place of business at 6301 Owensmouth Avenue, Woodland Hills, California 91367.

4.      On information and belief, AIG Marketing, Inc. is a Delaware corporation with a place of business at One AIG Center, Wilmington, Delaware 19803.

5.      Katz Technology Licensing admits that the AIG Counterclaim-Plaintiffs allege that AIG SunAmerica Asset Management Corp. is a Delaware corporation with a place of business at Harborside Financial Center, 3200 Plaza 5, Jersey City, New Jersey 07311-4922.

6.      Katz Technology Licensing admits that the AIG Counterclaim-Plaintiffs allege that AIG Federal Savings Bank is a federal savings bank with a place of business at One ALICO Plaza, Wilmington, Delaware 19899.

7.      On information and belief, AIG Life Insurance Company is a Delaware corporation with a place of business at One ALICO Plaza, Wilmington, Delaware 19899.

8.      Katz Technology Licensing admits that it is a limited partnership organized under the laws of the State of California, having a principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

9.      Katz Technology Licensing admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). Katz Technology Licensing admits that the AIG Counterclaim-Plaintiffs purport to bring their Counterclaims for a declaratory judgment pursuant to 28 U.S.C. 2201, as alleged in Paragraph 9, but denies the viability of that request.

10.     Katz Technology Licensing admits that this Court has personal jurisdiction over Katz Technology Licensing as alleged in Paragraph 10.

11.     Katz Technology Licensing admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) as alleged in Paragraph 11.

2

## COUNT I

### (For Declaratory Judgment of Non-Infringement)

12.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 11 of this Reply as if fully set forth herein.

13.    Katz Technology Licensing denies all allegations set forth in Paragraph 13.

14.    Katz Technology Licensing denies all allegations set forth in Paragraph 14.

## COUNT II

### (For Declaratory Judgment of Invalidity)

15.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 14 of this Reply as if fully set forth herein.

16.    Katz Technology Licensing denies all allegations set forth in Paragraph 16.

17.    Katz Technology Licensing denies all allegations set forth in Paragraph 17.

## COUNT III

### (For Declaratory Judgment of Unenforceability Based on Inequitable Conduct)

18.    Katz Technology Licensing denies all the allegations set forth in Paragraph 18.

19.    Katz Technology Licensing denies all the allegations set forth in Paragraph 19.

20.    Katz Technology Licensing denies all the allegations set forth in Paragraph 20.

### Barger

21.    Katz Technology Licensing admits that on its face, U.S. Patent No. 4,071,698 ("the '698 patent") indicates that it was filed in the United States Patent and

3

Trademark Office ("USPTO") on January 10, 1977. Katz Technology Licensing admits that, on

their faces, the patents listed in Paragraph 21 show that they were filed with the USPTO on the

following dates: U.S. Patent No. 5,684,863 ("the '863 patent"), filed on June 7, 1995; U.S. Patent

No. 5,787,156 ("the '156 patent"), filed on September 14, 1994; U.S. Patent No. 5,828,734 ("the

'734 patent"), filed on October 4, 1993; U.S. Patent No. 5,974,120 ("the '120 patent"), filed on

June 7, 1995; U.S. Patent No. 6,434,223 ("the '223 patent"), filed on May 17, 1999; U.S. Patent

No. 5,251,252 ("the '252 patent"), filed on October 21, 1991; U.S. Patent No. 4,930,150 ("the

'150 patent"), filed on October 20, 1988; U.S. Patent No. 5,351,285 ("the '285 patent"), filed on

April 13, 1993; U.S. Patent No. 5,917,893 ("the '893 patent"), filed on June 7, 1995; U.S. Patent

No. 5,815,551 ("the '551 patent"), filed on June 7, 1995; U.S. Patent No. 6,148,065 ("the '065

patent"), filed on January 13, 1998; U.S. Patent No. 6,678,360 ("the '360 patent"), filed on

August 25, 2000; U.S. Patent No. 5,898,762 ("the '762 patent"), filed on June 6, 1995; U.S.

Patent No. 6,349,134 ("the '134 patent"), filed on June 7, 1995; and U.S. Patent No. 6,335,965

("the '965 patent"), filed on September 14, 1994. Katz Technology Licensing further admits that

each of these patents claims priority to other earlier-filed patents and/or patent applications. The

term "earliest possible effective filing date" as used in the AIG Counterclaim-Plaintiffs'

allegation is so vague and uncertain that Katz Technology Licensing lacks sufficient information

and knowledge to respond and therefore denies the allegation. Further, to the extent that this

term is intended to allege legal effectiveness, this is a legal conclusion that requires no further

response. Katz Technology Licensing denies any remaining allegations set forth in Paragraph

21.

   22. Katz Technology Licensing admits that the '698 patent was cited in a

Supplementary European Search Report dated December 27, 1988 as part of the prosecution of

PCT Application No. WO 87/00375. Katz Technology Licensing admits that the Supplementary

European Search Report identified the '698 patent as a "category x" document. Katz

Technology Licensing further admits that Mr. Graham Coles was sent a copy of a Supplementary

European Search Report, dated December 27, 1988, that cited the '698 patent; and that Mr. Coles

sent a copy of the search report to Byard Nilsson in January 1989. To the extent that the allegations relate to the contents of the search report, Katz Technology Licensing responds that the report speaks for itself and no further response is required. Katz Technology Licensing Katz Technology Licensing denies all remaining allegations set forth in Paragraph 22.

23.     Katz Technology Licensing admits that First Data Resources, Inc. acquired the '698 patent and that Katz Technology Licensing now is the owner of the '698 patent by way of an assignment from First Data Resources, Inc. executed September 17, 1994. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 23.

24.     Katz Technology Licensing admits that the '698 patent was not disclosed during the prosecution of the '739, '929, '984, '252 and '150 patents. Katz Technology Licensing denies that the '698 patent was not disclosed during the prosecution of the '309, '285 or '965 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 24.

25.     Katz Technology Licensing lacks sufficient information and knowledge to respond to the allegations in Paragraph 25 and therefore denies them.

26.     The term "material" in the first sentence of Paragraph 26 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent this term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. As to the remaining allegations in Paragraph 26 relating to the system allegedly disclosed by the Barger patent, the '698 patent speaks for itself and no further response is required.

27.     Katz Technology Licensing denies that the USPTO rejected sixteen claims of the '707 patent under 35 U.S.C. § 102(b) as being anticipated by the Barger reference. Katz Technology Licensing admits that the Final Office Action in Ex Parte Reexamination (Application Control Nos. 90/000,974 and 90/006,978), dated September 29, 2006, states: "Claims 9, 22, 23, 137, 141, 144-46, 150, 151, 154, 156, and 167 are rejected under 35 U.S.C. 102(b) as being anticipated by US 4,071,698." Katz Technology Licensing further admits that

the USPTO withdrew its non-final rejection of Claims 12, 24 and 25 of the '707 patent over the '698 patent as part of its Final Office Action. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 27.

28.    The terms "duty of candor and fair dealing," "duty to disclose," and "material information" are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies the allegations set forth in Paragraph 28. Further, to the extent these terms are intended to allege legal duties and legal materiality, the allegations constitute legal conclusion to which no response is required.

29.    The terms "duty of candor and fair dealing," "duty to disclose," and "material information" are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies the allegations set forth in Paragraph 29. Further, to the extent these terms are intended to allege legal duties and legal materiality, the allegations constitute legal conclusion to which no response is required.

30.    Katz Technology Licensing denies all of the allegations set forth in Paragraph 30.

31.    Katz Technology Licensing denies all of the allegations set forth in Paragraph 31.

32.    Katz Technology Licensing denies all of the allegations set forth in Paragraph 32.

33.    Katz Technology Licensing admits that the '863 patent claims priority to other patents and applications that include the '739 patent. The allegations of Paragraph 33 relate to the contents of the cited patents; Katz Technology Licensing responds that the patents speak for themselves and no further response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 33.

34.    Katz Technology Licensing admits that the '893, '551, "'065, '360, '762 and '134 patents claim priority from other patents and applications that include the '739 patent. Katz Technology Licensing further admits that terminal disclaimers were filed as part of the

6

prosecution of the '893, '551, '065, '360, '762 and '134 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 34.

35.    Katz Technology Licensing admits that the '734, '223 and '120 patents claim priority from other patents and applications that include the '984, '929 and '739 patents. The allegations of Paragraph 35 relate to the contents of the cited patents; Katz Technology Licensing responds that the patents speak for themselves and no further response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 35.

36.    Katz Technology Licensing denies all of the allegations set forth in Paragraph 36.

**DeBruyn**

37.    Katz Technology Licensing admits that the European Patent Office published European Patent Specification EP0032410A1 on July 22, 1981 and that the Canadian Patent Office issued Canadian Patent No. 1,162,336 on February 14, 1984 (each sometimes referred to as the "DeBruyn reference"). Katz Technology Licensing admits that, on their faces, the patents listed in Paragraph 37 show that they were filed with the USPTO on the following dates: the '863 patent, filed on June 7, 1995; the '734 patent, filed on October 4, 1993; the '120 patent, filed on June 7, 1995; the '223 patent, filed on May 17, 1999; the '252 patent, filed on October 21, 1991; the '150 patent, filed on October 20, 1988; the '285 patent, filed on April 13, 1993; the '893 patent, filed on June 7, 1995; the '551 patent, filed on June 7, 1995; the '065 patent, filed on January 13, 1998; the '360 patent, filed on August 25, 2000; the '762 patent, filed on June 6, 1995; the '134 patent, filed on June 7, 1995; and the '965 patent, filed on September 14, 1994. Katz Technology Licensing further admits that each of these patents claims priority to other earlier-filed patents and patent applications. The terms "published" and "earliest possible effective filing date" as used in the AIG Counterclaim-Plaintiffs' allegations are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies the allegation. Further, to the extent that these terms are intended to allege

7

legal publication or effectiveness, these are legal conclusions that require no further response. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 37.

38.    Katz Technology Licensing admits that the DeBruyn patent, European Patent No. 0032410, was cited in a Supplementary European Search Report dated December 27, 1988 as part of the prosecution of PCT Application No. WO 87/00375. Katz Technology Licensing admits that the search report identified European Patent 0032410 as a "category x" document. Katz Technology Licensing further admits that a copy of the search report was sent to Mr. Graham F. Coles. Katz Technology Licensing admits that Mr. Coles sent a copy of the search report to Byard Nilsson in January 1989. To the extent that the allegations in Paragraph 38 relate to the contents of the search report, Katz Technology Licensing responds that the report speaks for itself and no further response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 38.

39.    Katz Technology Licensing admits that the Supplementary European Search Report, dated December 27, 1988, was sent to Byard Nilsson in January 1989. Katz Technology Licensing further admits that Byard Nilsson was involved in prosecuting certain of Mr. Katz's patent applications that ultimately issued as certain of the patents being asserted against the AIG Counterclaim-Plaintiffs. Katz Technology Licensing admits that, on their faces, the patents listed in Paragraph 39 show that they were filed with the USPTO and then subsequently issued on the following dates: the '739 patent, filed on May 16, 1988 and issued on July 7, 1989; the '929 patent, filed on February 21, 1989 and issued on December 17, 1991; the '309 patent, filed on December 3, 1991 and issued on October 19, 1993; the '984 patent, filed on October 23, 1989 and issued on July 7, 1992; the '252 patent, filed on October 21, 1991 and issued on October 5, 1993; the '150 patent, filed on October 20, 1988 and issued on May 29, 1990; and the '285 patent, filed on April 13, 1993 and issued on September 27, 1994. Katz Technology Licensing further admits that each of these patents claims priority to other earlier-filed patents and patent applications. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 39.

8

40.    Katz Technology Licensing admits that European Patent No. 0032410 was not disclosed during the prosecution of the '150, '739, '929, '984, '309 and '252 patents. Katz Technology Licensing denies that European Patent No. 0032410 was not disclosed during the prosecution of the '285 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 40.

41.    Katz Technology Licensing lacks sufficient information and knowledge to respond to the allegations in Paragraph 41 and therefore denies them.

42.    The term "material" in the first sentence of Paragraph 42 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent this term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. As to the remaining allegations in Paragraph 42 relating to the system allegedly disclosed by European Patent No. 0032410, that document speaks for itself and no further response is required.

43.    Katz Technology Licensing denies that the USPTO rejected over seventy claims of the '707 patent under 35 U.S.C. § 102(b) as being anticipated by Canadian Patent No. 1,162,336. Katz Technology Licensing admits that the Final Office Action in Ex Parte Reexamination (Application Control Nos. 90/000,974 and 90/006,978), dated September 29, 2006, states: "Claims 9, 18, 19, 22, 23, 26, 32-34, 96-102, 106-108, 115, 119-123, 131, 132, 135, 137, 141-147, 150, 151, 153, 165, 166, 183-190, 196-200, 202, and 203 are rejected under 35 U.S.C. 102(b) as being anticipated by Canadian Patent No. 1,162,336, De Bruyn." Katz Technology Licensing further admits that the USPTO withdrew its non-final rejection of Claims 69, 84-86 and 88-93 of the '707 patent over the '698 patent as part of its Final Office Action. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 43.

44.    The terms "duty of candor and fair dealing," "duty to disclose," and "material information" are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies the allegations set forth in

9

Paragraph 44. Further, to the extent these terms are intended to allege legal duties and legal materiality, the allegations constitute legal conclusion to which no response is required.

45.     The terms "duty of candor and fair dealing," "duty to disclose," and "material information" are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies the allegations set forth in Paragraph 45. Further, to the extent these terms are intended to allege legal duties and legal materiality, the allegations constitute legal conclusion to which no response is required.

46.     Katz Technology Licensing denies all of the allegations set forth in Paragraph 46.

47.     Katz Technology Licensing denies all of the allegations set forth in Paragraph 47.

48.     Katz Technology Licensing denies all of the allegations set forth in Paragraph 48.

49.     Katz Technology Licensing admits that the '863 patent claims priority to other patents and applications that include the '739 patent. The allegations of Paragraph 49 relate to the contents of the cited patents; Katz Technology Licensing responds that the patents speak for themselves and no further response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 49.

50.     Katz Technology Licensing admits that the '893, '551, ''065, '360, '762 and '134 patents claim priority from other patents and applications that include the '739 patent. Katz Technology Licensing further admits that terminal disclaimers were filed as part of the prosecution of the '893, '551, '065, '360, '762 and '134 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 50.

51.     Katz Technology Licensing admits that the '734, '223 and '120 patents claim priority from other patents and applications that include the '984, '929 and '739 patents. The allegations of Paragraph 51 relate to the contents of the cited patents; Katz Technology

10

Licensing responds that the patents speak for themselves and no further response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 51.

52.     Katz Technology Licensing denies all of the allegations set forth in Paragraph 52.

### Periphonics References

53.     Katz Technology Licensing lacks information and knowledge to answer the allegation that materials bearing Bates numbers W72807-W73756 were provided to Harold Wurst, Esq. of Nilsson, Wurst & Green in connection with *First Data Resources Inc. v. West Interactive Corp.*, CV 91-4471 TJH (C.D. Cal.) ("the *West* case") and therefore denies it. Katz Technology Licensing admits that Byard Nilsson and Reena Kuyper, who were at one time affiliated with the Nilsson, Wurst & Green law firm, were involved in prosecuting certain of Mr. Katz's patent applications that ultimately issued as certain of the patents being asserted in this action. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 53.

54.     Katz Technology Licensing admits that the application for the '965 patent stated: "During the litigation of [the *West* case], a voluminous quantity of prior art, that is, some 500 items (including single or plural related documents grouped together), were identified by the defendant. However, during pretrial procedures, the defendant distilled the applied art to 59 separate items (including single or plural related documents)." U.S. Patent Application 08/306,456, Paper no. 3, filed November 4, 1994. Katz Technology Licensing further admits that the application also stated: "The voluminous quantity of art identified during litigation, excluding the 59 items (Set I), is listed on the second set of forms PTO-1449 (Supplemental I)." Paper no. 3, filed November 4, 1994. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 54.

55.     The allegations in Paragraph 55 relate to statements made in certain patent applications; Katz Technology Licensing responds that the applications speak for themselves and no further response is required. Further, the allegations set forth in the second sentence of

11

Paragraph 55 are so vague and uncertain that Katz Technology Licensing cannot respond to them and therefore denies any remaining allegations.

56.    In response to the allegations in Paragraph 56, Katz Technology Licensing incorporates its responses to Paragraphs 54 and 55. Katz Technology Licensing further responds that it lacks information and knowledge to allow it to answer any remaining allegations and therefore denies them.

57.    Katz Technology Licensing responds that it lacks information and knowledge to allow it to answer the allegations in Paragraph 57 and therefore denies them.

58.    Katz Technology Licensing responds that it lacks information and knowledge to allow it to answer the allegations in Paragraph 58 and therefore denies them.

59.    The term "highly relevant" in the first sentence of Paragraph 59 is so vague and ambiguous that Katz Technology Licensing lacks sufficient information and knowledge to respond and on that basis denies the allegations. Further, to the extent this term is intended to allege legal relevance, the allegation constitutes a legal conclusion to which no response is required. As to the remaining allegations in Paragraph 59 relating to the "limitations of claims" allegedly described in the cited references, the documents speak for themselves and no further response is required.

60.    Katz Technology Licensing responds that it lacks information and knowledge to allow it to answer the allegations in Paragraph 60 and therefore denies them.

**Katz PCT Application**

61.    Katz Technology Licensing admits that PCT Application No. WO 87/00375 ("the WO '375 application") was not disclosed to the USPTO as part of the prosecution of the '739 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 61.

62.    Katz Technology Licensing admits that the WO '375 application was published on January 15, 1987. The remaining allegations in Paragraph 62 constitute legal conclusions to which no response is required.

12

63.    Katz Technology Licensing admits that the application that led to the '739 patent was filed on May 16, 1998. Katz Technology Licensing further admits that the WO '375 application was published on January 15, 1987. Katz Technology Licensing admits that May 16, 1988 is more than a year after January 15, 1987. Katz Technology Licensing denies any remaining allegations in Paragraph 63.

64.    The allegations in Paragraph 64 constitute legal conclusions to which no response is required.

65.    The terms "material" and "basic elements" in Paragraph 65 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations. Further, to the extent the term material is intended to allege legal materiality, the allegations constitute legal conclusions to which no response is required. The allegations of Paragraph 65 relate to the contents of the WO '375 application; Katz Technology Licensing responds that the application speaks for itself and no further response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 65.

66.    The terms "materiality" and "prior art effect" in Paragraph 66 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations. Further, to the extent the terms are intended to allege legal materiality or the legal effect of the alleged prior art, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing admits that the patent applicant had knowledge of the WO '375 application during prosecution of the '739 patent. Katz Technology Licensing admits that the WO '375 application was not disclosed to the USPTO as part of the prosecution of the '739 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 66.

67.    The term "relevant" as used in Paragraph 67 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations. Further, to the extent the term is intended to allege legal relevance,

13

the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing admits that the patents asserted against the AIG Counterclaim-Plaintiffs in this action claim priority from other patents and applications which, depending upon the asserted patent, may include the '739 patent. Katz Technology denies all remaining allegations set forth in Paragraph 67.

68.     The term "interrelatedness" in Paragraph 68 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations. Further, to the extent the term is intended to allege a legal relationship, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing admits that terminal disclaimers were filed as part of the prosecution of the '893, '863, '551, '065, '360, '762 and '134 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 68.

69.     Katz Technology Licensing denies all of the allegations set forth in Paragraph 69.

### Daudelin

70.     Katz Technology Licensing denies all of the allegations set forth in Paragraph 70.

71.     Katz Technology Licensing admits that U.S. Patent No. 4,943,995 ("the Daudelin '995 patent") was not disclosed during the prosecution of the '120 patent. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 71.

72.     Katz Technology Licensing admits that the Daudelin '995 patent, on its face, indicates that it was filed with the USPTO on October 8, 1986 and issued on July 24, 1990 to Daudelin, *et al.* Katz Technology Licensing further admits that the '120 was filed on June 7, 1995. The remaining allegations in Paragraph 72 constitute legal conclusions to which no response is required.

73.     The term "material" in the first sentence of Paragraph 73 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that

14

basis denies the allegations in that sentence. Further, to the extent the term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required.

74.    The allegations in Paragraph 74 relate to the system allegedly disclosed by the Daudelin '995 patent; Katz Technology Licensing responds that the patent speaks for itself and no further response is required.

75.    The term "material" in the first sentence of Paragraph 75 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent the term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required.

76.    The allegations in Paragraph 76 relate to the claims of the '120 patent; Katz Technology Licensing responds that the patent speaks for itself and no further response is required.

77.    Katz Technology Licensing admits that the Daudelin '995 patent was disclosed to the USPTO more than two years prior to the issuance of the '120 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 77.

78.    Katz Technology Licensing denies all allegations set forth in Paragraph 78.

79.    Katz Technology Licensing denies all allegations set forth in Paragraph 79.

80.    Katz Technology Licensing admits that the '223 patent claims priority to other patents and applications that include the '120 patent. In connection with the allegations in Paragraph 80, the term "material" is an alleged legal conclusion to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 80.

81.    Katz Technology Licensing denies all allegations set forth in Paragraph 81.

### Alleged False and Misleading Statements

82.     Katz Technology Licensing denies all allegations set forth in Paragraph 82.

83.     Katz Technology Licensing admits during prosecution of the '984 patent, the examiner rejected application claim 10 under 35 U.S.C. § 103 "as being unpatentable over Fodale in combination with the teachings of WO 87/00375 ('375)." Katz Technology Licensing further admits that the patent applicant stated during prosecution of the '984 patent, "[t]he Katz reference (R), International Publication No. WO 87/00375 coincides to the parent of U.S. Patent 4,792,968. In that regard, as now recited in the specification, the present application is a continuation-in-part of Serial No. 312,792; which is a continuation-in-part of Serial No. 194,258 (now patent 4,845,739); which is a continuation-in-part of Serial No. 018,244 (now patent 4,792,968); which is a continuation-in-part of Serial No. 753,299 which is the equivalent of the reference. Accordingly, the international application is not properly a reference against the present case." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 83.

84.     Katz Technology Licensing denies all allegations set forth in Paragraph 84.

85.     Katz Technology Licensing denies all allegations set forth in Paragraph 85.

86.     Katz Technology Licensing admits that the '734 patent is a continuation of the '252 patent, which is a continuation of the '984 patent. Katz Technology Licensing further admits that during prosecution of the '984 patent, the patent applicant stated that the "Katz reference (R), International Publication No. WO 87/00375 coincides to the parent of U.S. Patent 4,792,968. In that regard, as now recited in the specification, the present application is a continuation-in-part of Serial No. 312,792; which is a continuation-in-part of Serial No. 194,258 (now patent 4,845,739); which is a continuation-in-part of Serial No. 018,244 (now patent 4,792,968); which is a continuation-in-part of Serial No. 753,299 which is the equivalent of the

16

reference. Accordingly, the international application is not properly a reference against the present case." Katz Technology Licensing admits that the WO '375 application was published more than one year prior to the actual filing date of the '734 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 86.

87.    Katz Technology Licensing denies all allegations set forth in Paragraph 87.

88.    Katz Technology Licensing admits that in an Amendment filed January 31, 1996 as part of the prosecution of the '734 patent, the patent applicant stated, "[a]lthough it is questionable whether the Brown patent even qualifies as prior art, Applicant in the interest of being candid, is bringing it to the Examiner's attention. The Brown patent has an issue date of November 20, 1990, and a filing date of September 20, 1989. It should be noted that the present application ultimately claims priority from Applicant's parent patent U.S. Patent No. 4,930,150, which predates the Brown patent with respect to disclosure of alternate access possibilities (*e.g.*, '800' or '900')." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 88.

89.    The allegations in Paragraph 89 relate to the contents of certain patents; Katz Technology Licensing responds that the patents speak for themselves and no further response is required. To the extent that Paragraph 89 intends to allege a legal conclusion regarding the patents and their contents, no further response is required. Katz Technology Licensing denies all allegations set forth in Paragraph 89.

90.    Paragraph 90 is an alleged legal conclusion to which no response is required.

91.    Katz Technology Licensing denies all allegations set forth in Paragraph 91.

92.    Katz Technology Licensing admits that the '120 and '223 patents claim priority from other patents and applications that include the '734 patent. Katz Technology Licensing further admits that terminal disclaimers were filed as part of the prosecution of the

17

'734, '120, and '223 patents.  To the extent the allegations relate to the contents of the cited patents, Katz Technology Licensing responds that the patents speak for themselves and no further response is required.  Katz Technology Licensing denies all remaining allegations in Paragraph 92.

93.    Katz Technology Licensing admits that in a Supplemental Amendment filed March 14, 1995 as part of the prosecution of the '734 patent, the patent applicant stated, "[t]he reference by Hester bears a date of 1985, apparently 'September'.  In that regard, it is noteworthy that the present application is related to a parent case filed July 10, 1985."  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 93.

94.    Katz Technology Licensing admits that in a Supplemental Amendment filed March 14, 1995 as part of the prosecution of the '734 patent, the patent applicant stated "U.S. Patent No. 4,797,913 (Kaplan et al.) is directed to a telephonic vending system involving the use of (ANI) information for qualification (column 2, line 50).  However, it should be noted that in that regard, the present application is entitled to a priority date earlier than that of the subject reference."  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 94.

95.    Katz Technology Licensing admits that terminal disclaimers were filed as part of the prosecution of the '734, '120, and '223 patents.  To the extent the allegations relate to the contents of the cited patents, Katz Technology Licensing responds that the patents speak for themselves and no further response is required.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 95.

## REPLY TO THE AIG DEFENDANTS' TWENTY-FOURTH AFFIRMATIVE DEFENSE

The factual allegations contained in the AIG Counterclaim-Plaintiffs' Counterclaims are also contained in the twenty-fourth Affirmative Defense of the AIG Defendants.  Katz Technology Licensing responds to Paragraphs 24-41 of the AIG Defendants' Affirmative Defenses by incorporating by reference as if fully contained herein its response to Paragraphs 18-95 of the AIG Counterclaim-Plaintiffs' Counterclaims.

18

## PRAYER FOR RELIEF ON THE AIG COUNTERCLAIM-PLAINTIFFS' COUNTERCLAIMS

Katz Technology Licensing respectfully requests that, in response to the AIG Counterclaim-Plaintiffs' Counterclaims, this Court:

1. Dismiss the AIG Counterclaim-Plaintiffs' Counterclaims with prejudice;

2. Adjudge that the AIG Counterclaim-Plaintiffs are not entitled to any relief, including any of the relief requested in the AIG Counterclaim-Plaintiffs' prayer for relief; and

3. Award to Katz Technology Licensing the relief requested in its Complaint and such other relief as the Court may deem appropriate and just under the circumstances.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

By _____

Andre G. Bouchard (I.D. No. 2504)
John M. Seaman (I.D. No. 3863)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: 302.573.3500
abouchard@bmf-law.com
jseaman@bmf-law.com

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

HELLER EHRMAN LLP
Robert T. Haslam
Andrew C. Byrnes
275 Middlefield Road
Menlo Park, CA 94025-3506
Telephone: 650.324.7000
robert.haslam@hellerehrman.com
andrew.byrnes@hellerehrman.com

Michael K. Plimack
Dale A. Rice
333 Bush Street
San Francisco, CA 94104-2878
Telephone: 415.772.6000
michael.plimack@hellerehrman.com
dale.rice@hellerehrman.com

DATED: November 22, 2006

19

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2006, I electronically filed the foregoing

**Reply of Ronald A. Katz Technology Licensing, L.P. to the AIG Counterclaim-**

**Plaintiffs' Counterclaims** with the Clerk of Court using CM/ECF, which will send

notification of such filing to the following:

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
provner@potteranderson.com

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon, LLP
1313 N. Market St.
Hercules Plaza, 6th Floor
Wilmington, DE 19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Danielle Gibbs
Karen E. Keller
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
dgibbs@ycst.com
kkeller@ycst.com

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
sbalick@ashby-geddes.com
jday@ashby-geddes.com

Sean Bellew
David A. Felice
Cozen O'Connor
Chase Manhattan Centre
1201 North Market St., Suite 1400
Wilmington, DE 19801
sbellew@cozen.com
dfelice@cozen.com

Juliet A. Cox
Curtis E. Woods
Sonnenschein Nath & Rosenthal LLP
4520 Main, Suite 1100
Kansas City, MO 64111
jcox@sonnenschein.com
cwoods@sonnenschein.com

Collins J. Seitz, Jr.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
cseitz@cblh.com

Camille Miller
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
cmiller@cozen.com

{BMF-W0031966.}

Daniel J. Thomasch
Alex V. Chachkes
Orrick Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, New York 10103
dthomasch@orrick.com
achackes@orrick.com


BOUCHARD MARGULES & FRIEDLANDER, P.A.

_____

Andre G. Bouchard (# 2504)
John M. Seaman (# 3868)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Tel:  (302) 573-3508
Fax:  (302) 573-3501
E-mail: abouchard@bmf-law.com
E-mail: jseaman@bmf-law.com

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*